ATLANTIC RICHFIELD COMPANY,
Plaintiff-Appellant,

v.

FEDERAL TRADE COMMISSION, et al.,
Defendants-Appellees.

No. 75–2802.

United States Court of Appeals,
Fifth Circuit.

Feb. 4, 1977.

Michael R. Waller, Houston, Tex., Henry B. Weaver, Robert E. Jordan, III, Robert M. Goolrick, Steven H. Brose, Washington, D.C., Donald A. Bright, Edward E. Vaill, Los Angeles, Cal., James R. Coffee, Dallas, Tex., for plaintiff-appellant.

Robert E. Duncan, Robert J. Lewis, Gerald Harwood, W. Baldwin Ogden, Washington, D.C., for F.T.C.

Robert M. Craft, Houston, Tex., for Continental Oil.

Cloy D. Monzingo, Jack L. Brandon, Houston, Tex., for Getty Oil.

Russel H. Smith, Tulsa, Okl., for Cities Service.

Before THORNBERRY, COLEMAN and MORGAN, Circuit Judges.

THORNBERRY, Circuit Judge:

Atlantic Richfield Company filed suit in federal district court seeking declaratory and injunctive relief against the enforcement of investigatory subpoenas duces tecum issued by the Federal Trade Commission to Atlantic and three other oil-company members of a joint venture engaged in off-shore oil production. The district court denied Atlantic all relief. *Atlantic Richfield Company v. F.T.C.,* 398 F.Supp. 1 (S.D.Tex. 1975). For somewhat different reasons than adduced by the court below, we find that its decision was correct.

As part of a general investigation into the energy industry, the FTC issued the challenged subpoenas seeking the production of certain documents from the participants in the joint venture known as CAGC and comprised of Continental Oil Company, Atlantic, Getty Oil Company, and Cities Service Company. All four companies sought to quash the subpoenas before the Commission on the grounds that they were overly broad and irrelevant to the investigation and that the Commission's procedural rules for considering motions to quash were improper. Atlantic urged the additional ground that the documents sought might improperly be used in an FTC antitrust adjudicative proceeding already pending against Atlantic and seven other large oil companies accused of monopolizing the crude-oil refining business. *In the Matter of Exxon Corporation, et al.,* FTC Docket No. 8934. None of the other members of CAGC were respondents in the adjudicative proceeding. The Commission denied all motions to quash.

Thereupon Atlantic filed this action, naming the FTC and the other CAGC members as defendants, seeking a declaration that the investigative subpoenas served upon Atlantic and its joint venturers were invalid and unenforceable. Atlantic also asked the court to enjoin the FTC from enforcing the subpoenas and the oil-company defendants from voluntarily complying with them. Alternatively, Atlantic sought a declaration and injunction prohibiting the FTC adjudicative staff in the *Exxon* proceeding from having access to any documents or information produced in compliance with the investigatory subpoenas.

The substantive basis of Atlantic's challenge to the subpoenas was that any disclosure of the subpoenaed material to the FTC complaint staff in the *Exxon* proceeding

would infringe upon Atlantic's procedural rights to a fair hearing in the pending adjudicative action in violation of the due process clause of the Constitution, the Administrative Procedure Act, and the FTC's Rules of Practice and Procedure.[1]

Because the oil-company defendants had agreed with Atlantic that they would not voluntarily produce any subpoenaed materials, the district court dismissed them for lack of sufficient adverseness and a justiciable controversy between them and Atlantic. Acknowledging the limited propriety of pre-enforcement judicial review of agency action, the court looked to the standards established in *Abbott Laboratories v. Gardner,* 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967); *Toilet Goods Association v. Gardner,* 387 U.S. 158, 87 S.Ct. 1520, 18 L.Ed.2d 697 (1967); and *Gardner v. Toilet Goods Association,* 387 U.S. 167, 87 S.Ct. 1526, 18 L.Ed.2d 704 (1967), and concluded, "out of an abundance of caution, that a limited portion of the instant case is *arguably* ripe for consideration at this time" and that "there is *arguably* a hardship on plaintiff if plaintiff ultimately refuses to comply with the subpoena request." 398 F.Supp. at 14 (emphasis added). The court then considered the limited, "arguably ripe" question of whether an agency violates the due process and regulatory procedural rights of an adjudicative respondent by issuing to it, or to any entity with information about its operations, a subpoena duces tecum for information pertinent to the already pending adjudicative proceeding. On the merits of this narrow issue the district court found that Atlantic was entitled to neither injunctive nor declaratory relief.[2]

We find it unnecessary to consider the merits of Atlantic's due process and other procedural claims and hold that denial of all injunctive and declaratory relief is proper because Atlantic has an adequate remedy at law and will suffer no undue hardship from our withholding judicial consideration at this juncture in the FTC's proceedings. For our holding we rely primarily on the cases of *Reisman v. Caplin,* 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964), and the *Abbott Laboratories* trilogy, *supra.*

In *Reisman,* the Internal Revenue Service had issued an administrative summons to the accounting firm of Peat, Marwick, Mitchell & Co. seeking production of the financial records of taxpayers Martin and Allyn Bromley. The taxpayers' attorneys, who had supplied the records to the accounting firm, filed suit for declaratory and injunctive relief against IRS and the accountants, opposing production of the documents on the grounds that they constituted the attorneys' work product and that their production would amount to an illegal seizure or forcing the Bromleys to incriminate themselves. The Supreme Court held that the attorneys' complaint should be dismissed for want of equity because they had an adequate remedy at law through challenges to the summons in any proceeding instituted for its enforcement.

The Court noted that an IRS summons is not self-executing; the Service has no power to compel compliance or to impose sanctions for noncompliance. To enforce its summons the IRS must proceed under section 7402(b) of the Internal Revenue Code and seek enforcement from a district court. Because the summoned party—and other interested parties through intervention—could raise any constitutional or other objections to the summons in the enforcement proceeding, the Court found pre-enforcement injunctive or declaratory relief unwarranted, explaining in detail the adequacy of the legal remedy:

> Any enforcement action under this section would be an adversary proceeding affording a judicial determination of the challenges to the summons and giving complete protection to the witness. In

---

1. Atlantic's objections and arguments are set forth more fully in the district court's opinion, *Atlantic Richfield Company v. F.T.C., supra.*

2. Although thus reaching the merits of a part of Atlantic's claim, the district court observed in a footnote, "The Court still is of the opinion that the case is probably not ripe for review . . . ." 398 F.Supp. at 14 n.11.

such a proceeding only a refusal to comply with an order of a district judge subjects the witness to contempt proceedings.

\* \* \* \* \* \*

Furthermore, we hold that in any of these procedures before either the district judge or the United States Commissioner, the witness may challenge the summons on any appropriate ground. This would include . . . the defenses that the material is sought for the improper purpose of obtaining evidence for use in a criminal prosecution. . . . In addition, third parties might intervene to protect their interests, or in the event the taxpayer is not a party to the summons before the hearing officers, he, too, may intervene.

\* \* \* \* \* \*

Nor would there be a difference should the witness indicate—as had Peat, Marwick, Mitchell & Co.—that he would voluntarily turn the papers over to the Commissioner. If this be true, either the taxpayer or any affected party might restrain compliance, as the Commissioner suggests, until compliance is ordered by a court of competent jurisdiction. This relief was not sought here. Had it been, the Commissioner would have had to proceed for compliance, in which event the petitioners or the Bromleys might have intervened and asserted their claims.

Finding that the remedy specified by Congress works no injustice and suffers no constitutional invalidity, we remit the parties to the comprehensive procedure of the Code, which provides full opportunity for judicial review before any coercive sanctions may be imposed.

375 U.S. at 446, 449–50, 84 S.Ct. at 512, 513–14.

The similarity of the facts and relief sought in *Reisman* and in the instant case—

as well as the similarity between IRS and FTC subpoena and enforcement procedures—convinces us that the holding and reasoning of *Reisman* control our conclusion here that pre-enforcement relief from the subpoenas issued to Atlantic and the other CAGC members is inappropriate. The legal remedies outlined in *Reisman* seem entirely adequate to protect Atlantic from the anticipated harm. Like the IRS summons considered in *Reisman,* FTC subpoenas are not self-executing and may only be enforced by a district court.[3] Atlantic may raise all its due process and regulatory procedural objections in any enforcement proceeding brought against it. Additionally, it may intervene and raise objections as a party "affected by a disclosure," *Reisman,* 375 U.S. at 445, 84 S.Ct. 508, in subpoena enforcement proceedings against the other CAGC participants. Because its joint venturers had agreed with Atlantic not to comply voluntarily with the subpoenas, Atlantic did not need to seek judicial restraint of their compliance pending enforcement; and Atlantic thus suffered no hardship from the district court's dismissal of the oil-company defendants for lack of adverseness.

We thus conclude that Atlantic had an adequate remedy at law through FTC enforcement actions and suffered no undue hardship in being remitted to that remedy by the district court's denial of relief. In so deciding we act in accordance with the principle that "where Congress has provided an adequate procedure for judicial review of administrative action, that procedure must be followed." *Frito-Lay, Inc. v. F.T.C.,* 380 F.2d 8 (5 Cir. 1967). We find firm and well-reasoned support for our holding in the Eighth Circuit's decision in *Anheuser-Busch, Inc. v. F.T.C.,* 359 F.2d 487 (8 Cir. 1966) (Blackmun, J.), which also relied on *Reisman* to deny pre-enforcement review of an FTC subpoena.[4]

---

3. 15 U.S.C. § 49.

4. As part of an investigation of yeast producers, the FTC had subpoenaed information about Anheuser-Busch's yeast-manufacturing business. Anheuser-Busch filed suit in federal court seeking injunctive and declaratory relief

from enforcement of the subpoena. The Eighth Circuit Court of Appeals affirmed the district court's dismissal of the action, holding that *Reisman* governed and that Anheuser-Busch had an adequate legal remedy in the enforce-

■ Moreover, in assessing the propriety of declaratory relief from the FTC's actions, we find that Atlantic failed to establish in the court below a present need for such relief under the governing standards set forth in the *Abbott Laboratories* cases, which defined the availability of declaratory action in terms of "ripeness" for review. In *Toilet Goods Association v. Gardner, supra,* the Court explained that a determination of ripeness called for a twofold inquiry: "first to determine whether the issues tendered are appropriate for judicial resolution, and second to assess the hardship to the parties if judicial relief is denied · t that stage." 387 U.S. at 162, 87 S.Ct. at 1523. For the same reasons we find Atlantic's legal remedy through participation in the various enforcement proceedings adequate, we also find that Atlantic will suffer no undue hardship from denial of judicial relief outside the enforcement proceedings. Atlantic may not be forced to comply with the subpoenas nor subjected to any penalties for noncompliance until ordered to comply pursuant to appropriate enforcement proceedings in which Atlantic may assert its due process objections. Similarly, Atlantic may intervene in enforcement actions against its joint venturers, so that it may not be harmed by their forced production of documents before having an opportunity to raise its own challenges.

Thus, under standards applicable to pre-enforcement remedies, both injunctive and declaratory, we find that Atlantic had an adequate remedy at law and suffered no undue hardship from the district court's denial of all relief.

The prompt and proper resolution of this appeal has been somewhat complicated by events which have occurred since Atlantic filed the instant action. After the court below had denied Atlantic's request for re-

lief and Atlantic had appealed to this court, the FTC instituted enforcement actions against Atlantic and the other CAGC participants in the United States District Court for the District of Columbia. Atlantic's motion to stay all the D.C. enforcement proceedings pending resolution of the instant case was denied. In the action against it, Atlantic submitted an extensive answer and counterclaim raising its procedural objections. Apparently Atlantic did not exercise its right to intervene in the enforcement actions against the other CAGC members. Without further proceedings and without hearing or oral arguments, the D.C. district court granted the FTC petitions for enforcement of the subpoenas against Atlantic, Continental, Getty, and Cities Service, filing no findings of fact or conclusions of law. Only Atlantic has appealed the order of enforcement, and that appeal is currently pending in the D.C. Circuit Court of Appeals. Motions to stay enforcement were denied, and Atlantic and its three joint venturers have all submitted documents to the FTC called for by the subpoenas.

■ We agree with Atlantic that the compliance—not yet certified as complete—has not entirely mooted this appeal, because Atlantic may still be afforded some relief by an order to protect it from further disclosure, to require return of the subpoenaed documents, or to segregate them from the FTC adjudicative staff in the *Exxon* proceeding. *See, e.g., F.T.C. v. Browning,* 140 U.S.App.D.C. 292, 435 F.2d 96 (1970).

■ Atlantic urges that the D.C. district court failed to afford it the requisite adversary enforcement proceeding and to give proper considerations to its various procedural objections,[5] so that Atlantic's remedy at law—to raise its challenges in the en-

---

ment proceeding. The Eighth Circuit viewed the provisions of the Internal Revenue Code construed in *Reisman* and the enforcement provisions of the Federal Trade Commission Act as *in pari materia*. We find the reasoning and result of Anheuser-Busch persuasive and applicable to the case before us.

5. It is well established that enforcement proceedings must constitute an adversary hearing affording an adequate opportunity to raise all objections to an administrative subpoena. *E.g., Reisman v. Caplin, supra; United States v. Powell,* 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964); *Dunn v. Ross,* 356 F.2d 664 (5 Cir. 1966).

forcement actions—was, in fact and effect, entirely inadequate. This *de facto* insufficiency of its legal remedy, argues Atlantic, precludes us from now denying extra-enforcement relief on the ground that an adequate remedy at law exists or that Atlantic will suffer no hardship from our denial. We do not agree. Even if the D.C. district court failed, as Atlantic alleges, to grant the required adversary hearing in which Atlantic could adequately raise and argue its procedural objections to the subpoenas, we are unwilling to assume that any default by the district court will not be properly remedied on appeal by the D.C. Circuit.

Furthermore, Atlantic may still enforce all of its due process protections in the *Exxon* adjudicative proceeding itself and in an appeal from any adverse decision. If the FTC acts improperly or illegally in obtaining evidence for the adjudicative proceeding with investigatory subpoenas, Atlantic should be entitled to have any evidence so obtained—as well as its "fruits"—excluded from the proceeding or to obtain a reversal of any adverse judgment founded upon improperly admitted "tainted" evidence. *See, e.g., Knoll Associates, Inc. v. F.T.C.,* 397 F.2d 530 (7 Cir. 1968); *McGarry's Inc. v. Rose,* 344 F.2d 416 (1 Cir. 1965); *F.T.C. v. Page,* 378 F.Supp. 1052 (N.D.Ga. 1974); *Lord v. Kelley,* 223 F.Supp. 684 (D.Mass.1963).

Guided by *Reisman* and *Abbott Laboratories,* we remain convinced that Atlantic's objections to the FTC's use of investigatory subpoenas to obtain information allegedly material to the *Exxon* adjudicative action should be resolved in the FTC enforcement and adjudicative proceedings and any appeals therefrom.

■ Atlantic additionally challenges the procedural propriety of the district court's entry of final judgment, arguing that the court improperly disposed of the entire case on a mere application for preliminary injunction. Although F.R.Civ.P. 65(a)(2) provides a mechanism for consolidating the hearing on preliminary injunction with trial on the merits,[6] Atlantic claims that the court never ordered or gave notice of consolidation so that Atlantic was precluded from adequately developing and presenting its case for final adjudication. Even if we accept as true Atlantic's allegation that it had no notice that the court would rule on the merits, we need not find error in the district court's entry of final judgment unless Atlantic shows prejudice from the lack of notice. In *Eli Lilly and Company v. Generix Drug Sales, Inc.,* 460 F.2d 1096 (5 Cir. 1972), we explained:

> [S]urprise alone is not a sufficient basis for appellate reversal; appellant must also show that the procedures followed resulted in prejudice, i.e., that the lack of notice caused the complaining party to withhold certain proof which would show his entitlement to relief on the merits.

460 F.2d at 1106. *See also Nationwide Amusements, Inc. v. Nattin,* 452 F.2d 651 (5 Cir. 1971).

Atlantic has pointed to no evidence or allegations which it would have developed at a hearing below that could alter our determination that Atlantic's proper remedies lie in the FTC enforcement and adjudicative actions. We do not approve the procedure employed here to decide the merits in a preliminary proceeding without affording clear notice and full hearings to the parties. Nevertheless, after careful consideration of Atlantic's allegations and arguments we find that Atlantic suffered no prejudice.

The district court's denial of all injunctive and declaratory relief is AFFIRMED.

**6.** F.R.Civ.P. 65(a)(2) provides:

Before or after the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with hearing of the application.