**BOISE CASCADE CORPORATION,**
Plaintiff,

v.

**FEDERAL TRADE COMMISSION,**
Defendant.

Civ. A. No. 80–305.

United States District Court,
D. Delaware.

Oct. 7, 1980.

---

R. Franklin Belotti, of Richards, Layton & Finger, Wilmington, Del., for plaintiff; John T. Loughlin, Victor E. Grimm, William R. Carney, and Scott M. Mendel, of Bell, Boyd, Lloyd, Haddad & Burns, Chicago, Ill., David R. Almond, of Boise Cascade Corporation, Boise, Idaho, of counsel.

James W. Garvin, Jr., U. S. Atty., John X. Denney, Jr., Asst. U. S. Atty., Wilmington, Del., for defendant; James N. Sneed, Acting Gen. Counsel, W. Dennis Cross, Asst. Gen. Counsel, Edward F. Glynn, Jr., Atty., F. T. C., Washington, D. C., of counsel.

## MEMORANDUM OPINION

CALEB M. WRIGHT, Senior District Judge.

In its Order of September 30, 1980, this Court denied plaintiff's motion for declaratory and injunctive relief, and granted defendant's motion to dismiss. At the same time, the Court vacated the stay granted by the transferor court. Plaintiff now moves that the stay be restored pending appeal, pursuant to Fed.R.Civ.P. 62(c).

Under Rule 62, a district court has discretion to grant a stay, pending appeal, after denying an injunction. Granting such a stay is appropriate where: a) there is an immediate threat of irreparable harm to the movant; b) the appeal raises substantial questions of law; and c) the interests of the other parties will not be significantly harmed by grant of a stay. *See, e. g., Washington Metropolitan Area Transit Authority v. Holiday Tours, Inc.,* 559 F.2d 841, 844 (D.C.Cir.1977); *Evans v. Buchanan,* 435 F.Supp. 832, 844 (D.Del.1977). The Court has already found in this case that plaintiff will suffer no irreparable injury in the absence of a stay, *see Boise Cascade Corp. v. FTC,* 498 F.Supp. 772 (D.Del.1980). Though this motion involves the additional consideration of preserving the *status quo* pending appeal, the Court still concludes that plaintiff is not entitled to injunctive relief. *See Atlantic Richfield Co. v. FTC,* 398 F.Supp. 1, 17 (S.D.Tex.1975), *aff'd,* 546 F.2d 646 (5th Cir. 1977) (denying plaintiff's motion for stay pending appeal following denial of his motion for injunctive relief).

Plaintiff's motion for a stay pending appeal is therefore denied.