The **SHOE WORKS, Plaintiff,**

v.

The **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Defendant.**

No. C–2–87–413.

United States District Court, S.D. Ohio, E.D.

July 20, 1987.

G. Roger King, J. Michael Kota, Bricker & Eckler Law Firm, Columbus, Ohio, for plaintiff.

Thomas Schlageter, E.E.O.C., Washington, D.C., for defendant.

## ORDER

GRAHAM, District Judge.

The facts of this case are set forth in the Court's previous Order of May 8, 1987. At the time of the hearing on the plaintiff's application for a preliminary injunction, the Court made an order pursuant to Rule 65(a)(2) advancing the trial of this action on the merits and consolidating it with the hearing of the application for preliminary injunction. This matter is now before the Court for decision on the merits based upon the post-hearing briefs of the parties. Also before the Court is the defendant's motion to dismiss on the grounds that the Court lacks subject matter jurisdiction and that the plaintiff has failed to state a claim upon which relief can be granted.

It is a well established principle that courts will not exercise jurisdiction over a lawsuit unless it presents a case or controversy that is "ripe" for judicial review. *Abbott Laboratories v. Gardner,* 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967); *Toilet Goods Association, Inc. v. Gardner,* 387 U.S. 158, 87 S.Ct. 1520, 18 L.Ed.2d 697 (1967). The determination of whether a case is ripe for review depends upon: (1) the fitness of the issues involved for judicial resolution and (2) the hardship to the parties of withholding the Court's consideration. *See Abbott Laboratories, supra,* 387 U.S. at 149, 87 S.Ct. at 1515 and *Toilet Goods Association, supra,* 387 U.S. at 162, 87 S.Ct. at 1523. Fitness for review is dependent upon whether the agency action is final, whether further administrative proceedings are contemplated and whether only purely legal questions are presented. Failure to meet any one of the criteria for fitness renders a cause of action "unripe".

Here, the EEOC has no adjudicative power over the plaintiff and its proceedings and process are not binding on the plaintiff. The only enforcement mechanism under the ADEA is the filing of an enforcement action in a United States District Court by the EEOC or an aggrieved individual. *Lorillard v. Pons,* 434 U.S. 575, 579, 98 S.Ct. 866, 869, 55 L.Ed.2d 40 (1978). Thus, the issuance of the subpoena in question lacks the finality which would make it fit for judicial review. Furthermore, this case does not present purely legal questions but instead a factual dispute concerning the extent of the EEOC investigation of the plaintiff's employment practices.

The EEOC's subpoena does not have any present effect upon the plaintiff because the EEOC cannot require compliance. Thus, withholding judicial review will not cause plaintiff any hardship. *See Atlantic Richfield Co. v. F.T.C.,* 546 F.2d 646, 650 (5th Cir.1977). Because such subpoenas are not self-executing and because they can

only be enforced by a court in a proceeding in which the plaintiff can raise all of its present objections, the Court concludes that the plaintiff has an adequate remedy of law and will not suffer undue hardship in being remitted to that remedy. *See Belle Fourche Pipeline Co. v. United States*, 751 F.2d 332 (10th Cir.1984).

█ Plaintiff has failed to show that the EEOC exceeded its statutory authority to investigate under the ADEA. There is a compelling public interest in allowing federal enforcement agencies to carry out their congressional mandates unhampered by premature interruption. Actions like the present one lead to piecemeal and needless review of issues which the EEOC may choose not to pursue in court and waste judicial resources while delaying resolution of the ultimate issue of whether the ADEA was violated. Plaintiff's argument that the scope of the subpoena is beyond the scope of the EEOC's investigative authority because it exceeds the scope of the charges before it is incorrect. The scope of the EEOC's subpoena is appropriate under the ADEA because it relates to possible violations of the act by the plaintiff. The documents requested are reasonably identified and the information sought is relevant to the hiring and firing practices identified in the letter of violation. Accordingly, the plaintiff has failed to prove that the EEOC exceeded its statutory authority under the ADEA.

The Court concludes that it lacks subject matter jurisdiction because the case is not ripe for review. Assuming *arguendo* that the Court does have subject matter jurisdiction, plaintiff has nevertheless failed to prove facts which would entitle it to the relief requested. Accordingly, this action is dismissed and final judgment is rendered in favor of the defendant and the costs of this action are assessed against the plaintiff. The Clerk shall enter Judgment accordingly.

It is so ORDERED.