In re INS Subpoena of Gilbert RA-
MIREZ Dated March 15, 1989.

UNITED STATES of America and the
Immigration & Naturalization
Service, Appellants,

v.

Gilbert RAMIREZ, Appellee.

No. 89–2506.

United States Court of Appeals,
Fifth Circuit.

July 10, 1990.

Mark C. Walters, Dept. of Justice, Washington, D.C., Bob Wortham, U.S. Atty., Steven M. Mason, Asst. U.S. Atty., Tyler, Tex., for appellants.

Richard A. Gump, Jr., Dallas, Tex., Lory D. Rosenberg, Cambridge, Mass., for amicus American Immigration Lawyers Ass'n. and Nat. Immigration Project.

Richard S. Fischer, Nacogdoches, Tex., for appellee.

Mary Joe Carroll, Austin, Tex., for amicus Texas Restaurant Ass'n.

Albert J. Beveridge, III, Kenneth Steven Kaufman, Washington, D.C., for amicus Nat. Restaurant Ass'n.

Before GEE, REAVLEY and GARWOOD, Circuit Judges.

GARWOOD, Circuit Judge:

Appellants United States of America and Immigration and Naturalization Service (INS) (collectively, the government) appeal the district court's order quashing the administrative subpoena of appellee Gilbert Ramirez (Ramirez) issued by the INS in furtherance of its investigation concerning compliance with the employer sanctions provisions of the Immigration Reform and Control Act of 1986 (IRCA). Although noting a potential problem respecting the district court's jurisdiction, the government contends that the district court erred on the merits in determining that INS officers lack the statutory authority to issue such a subpoena. We reverse because the district court lacked subject matter jurisdiction.

## Facts and Proceedings Below

On March 15, 1989, an INS officer issued an administrative subpoena commanding Ramirez to appear before an INS officer and give testimony and produce certain documents on March 23, 1989. The subpoena reflected that it was in furtherance of an INS investigation of the compliance by a chain of restaurants owned by Ramirez and his family with the employer sanctions provisions of the IRCA. On March 21, 1989, Ramirez filed a motion to quash the subpoena with the district court. On March 23, 1989, the district court entered an order granting Ramirez' motion because the district court determined that there was no statutory authority for the INS officer's issuance of such a subpoena. In response, the government filed a notice of appeal. Other than filing its notice of appeal, the government did not appear or file any document in the district court.

Ramirez certified that he had served the United States Attorney and the INS with a copy of his motion to quash by regular mail on March 21. Although the INS apparently never received its copy of Ramirez' motion prior to the court's ruling, the government concedes that the United States Attorney's office had received its copy of the motion on March 22, 1989.[1]

## Discussion

The threshold issue in this case is whether the district court should have dismissed Ramirez' motion to quash the INS administrative subpoena for lack of subject matter jurisdiction. Although all parties argue that the district court had jurisdiction to enter its order, the government does note that the district court's jurisdiction might be called into question by a line of cases indicating that the party subpoenaed may not challenge such an administrative subpoena until the agency initiates enforcement proceedings.

■ According to the government, the INS issued the subpoena in question under the authority of 8 U.S.C. § 1225(a). Section 1225(a) does not authorize the INS to enforce its subpoenas in cases of noncompliance. Nor is there any provision for penalties or the like for noncompliance. Instead, the INS must request enforcement by a federal district court. See 8 U.S.C. § 1225(a).[2] Where an agency must resort to judicial enforcement of its subpoenas, courts generally dismiss anticipatory actions filed by parties challenging such subpoenas as not being ripe for review because of the availability of an adequate remedy at law if, and when, the agency files an enforcement action. See, e.g., *Reisman v. Caplin*, 375 U.S. 440, 84 S.Ct. 508, 512–14, 11 L.Ed.2d 459 (1964); *Atlan-*

1. The government notes in its brief in this Court that "the attorney to whom it was assigned apparently was not aware of the motion until after the Court ruled on it. Thus, the Court's order was entered without the benefit of any input from the government."

2. Section 1225(a) states in pertinent part: "Any United States district court within the jurisdiction of which investigations or inquiries are being conducted by an immigration officer ... may, in the event of neglect or refusal to respond to a subpoena ... or refusal to testify before an immigration officer ... issue an order requiring such persons to appear ..., produce ... documents ... if demanded, and testify, and any failure to obey such order of the court may be punished by the court as a contempt thereof."

*tic Richfield Co. v. FTC,* 546 F.2d 646, 648–49 (5th Cir.1977). *See generally* 13A C. Wright, A. Miller, & E. Cooper, *Federal Practice & Procedure* § 3532.6 (2d ed. 1984). Thus, this line of cases suggests that, in order to challenge the enforceability of the INS subpoena in the present case, Ramirez should have refused to comply with the subpoena and awaited any enforcement action by the INS.

■ In response to Ramirez' anticipatory motion, the INS had a choice of moving to dismiss the motion for lack of jurisdiction *or* of filing a counterclaim for the enforcement of the subpoena. If an agency files such an enforcement counterclaim, the counterclaim establishes an independent jurisdictional ground pursuant to which a district court may rule on the enforceability of the subpoena. *See Belle Fourche Pipeline Co. v. United States,* 751 F.2d 332, 335 (10th Cir.1984), *cert. denied,* 474 U.S. 818, 106 S.Ct. 64, 88 L.Ed.2d 52 (1985).

■ Although conceding that it did not in fact file such a counterclaim, the government asserts in this Court that, if the INS had known of Ramirez' motion in time to react to it, it would have filed a counterclaim for enforcement of the administrative subpoena. In order to support this bare assertion, the government emphasizes that, since learning of Ramirez' challenge to the subpoena, the INS has sought to enforce the subpoena by filing a notice of appeal from the district court's order and thereafter contending in its appellate briefs that the district court had jurisdiction to rule on the subpoena's enforceability but erred in quashing the subpoena.

In essence, the government is arguing that the administrative subpoena should be enforced under some sort of constructive enforcement counterclaim doctrine. In *Belle Fourche,* however, a panel of the Tenth Circuit specifically rejected the assertion "that *in effect* the FERC [the Federal Energy Regulatory Commission] [had] counterclaimed for the enforcement of the subpoenas" in question. *Id.* at 335 (emphasis added). Because the government had not in fact filed an enforcement counterclaim in that case, the court in *Belle*

*Fourche* ruled that the district court should have dismissed the anticipatory action for lack of subject matter jurisdiction. *See id.*

The government contends that the rejection of the constructive counterclaim theory posed in *Belle Fourche* is distinguishable because, in making its ruling, the court noted that "on many occasions throughout the proceeding [the government] objected to the court's exercise of jurisdiction. We do not consider their opposition to the district court's taking jurisdiction of plaintiffs' case to be the equivalent of a counterclaim for enforcement." *Id.* Nevertheless, at oral argument on appeal of the present case, the government conceded that it knew of no case where a federal court of appeals had held that, although the agency in question had not filed a counterclaim to enforce its subpoena, the district court had jurisdiction to rule on the merits of the plaintiff's anticipatory challenge of the subpoena. Certainly such a theory can not be adopted where the government has not even appeared in the district court proceedings, apart from filing a notice of appeal.

The government also relies on our opinion in *Sandsend Financial Consultants, Ltd. v. Federal Home Loan Bank Bd.,* 878 F.2d 875 (5th Cir.1989). The dispute in *Sandsend* concerned the statutory authority of the Federal Home Loan Bank Board (FHLB) to issue a subpoena to a bank for the financial records of a bank customer. Prior to the expiration of the time for the FHLB to respond to the customer's motion to quash the subpoena, the district court, without holding a hearing or rendering an opinion, granted the motion. Despite finding "a plethora of procedural errors" committed by the district court warranting reversal, this Court refused to remand for reconsideration of the substantive merits of the appeal because, accepting the customer's factual allegations as true, the record permitted only one resolution of the motion to quash—*i.e.*, that it should have been denied. *Id.* at 881 ("When the 'record permits only one resolution of' an issue presented for appeal, we need not waste

precious resources remanding the case." (quoting *Pullman–Standard v. Swint*, 456 U.S. 273, 102 S.Ct. 1781, 1792, 72 L.Ed.2d 66 (1982) (citation omitted)). *Sandsend* is materially different in that there the district court clearly had subject matter jurisdiction to quash the subpoena pursuant to the judicial proceedings instituted by the customer for that purpose. *Sandsend* did not involve a situation where the law restricted the customer's remedy to defending a court action for enforcement of the subpoena. The district court in *Sandsend* simply committed a number of procedural and substantive errors in its handling of the action over which it clearly had subject matter jurisdiction. *See id.*

In sum, the government admittedly never filed either an enforcement action or an enforcement counterclaim in the district court. Indeed, the government never appeared or made any filing or took any position in the district court in respect to the subpoena, except only to file its notice of appeal. Thus, in light of *Reisman* and the line of cases following it, we conclude that Ramirez' motion to quash was not ripe for judicial action at the time of the district court's ruling on it and, therefore, should have been dismissed for lack of subject matter jurisdiction.

For the foregoing reasons, the judgment of the district court is REVERSED, and the cause is REMANDED with directions that it be dismissed for want of jurisdiction.

REVERSED and REMANDED with directions.