Mario E. RAMIREZ, Plaintiff,

v.

RESOLUTION TRUST CORPORATION,
Defendant.

Civ. A. No. M–92–89.

United States District Court,
S.D. Texas,
McAllen Division.

July 20, 1992.

Kevin M. Warburton, John M. McCamish, McCamish, Martin & Loeffler, San Antonio, Tex., for Mario E. Ramirez–plaintiff.

James L. Cornell, Tammy Manning, Gilpin, Paxson & Bersch, Houston, Tex., Paul M. Laurenza, Pettit & Martin, Washington, D.C., for Resolution Trust Corp.–defendant.

## MEMORANDUM OPINION

KAZEN, District Judge.

Pending is a motion by the Resolution Trust Corporation ("RTC") to dismiss Plaintiff's action for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Plaintiff filed this action to prevent the RTC from enforcing an administrative subpoena requiring Plaintiff to produce certain personal and financial records. The RTC issued this subpoena [1] in its capacity as receiver of Valley Federal Savings Association in McAllen, Texas, in order to facilitate its investigation of that institution's collapse. Plaintiff was, until recently, a member of Valley Federal's board of directors.

The Court agrees with the RTC's argument that federal subject-matter jurisdiction does not extend to pre-enforcement judicial review of this administrative subpoena. In *Reisman v. Caplin,* the Supreme Court found that the Internal Revenue Service ("IRS") has no power to impose sanctions for noncompliance with an administrative summons. 375 U.S. 440, 445, 84 S.Ct. 508, 511, 11 L.Ed.2d 459 (1964). The target of the summons must therefore postpone any challenge to its va-

---

**1.** The statute from which the RTC derives its subpoena power provides in pertinent part that [T]he agency ... shall have the power to administer oaths and affirmations, to take or cause to be taken depositions, and to issue, revoke, quash, or modify subpenas and subpenas [sic] duces tecum; .... Any such agency ... may apply to the United States District Court for the District of Columbia, or [other specified district courts,] for enforcement of any subpena or subpena [sic] duces tecum issued pursuant to this subsection, and such courts shall have jurisdiction and power to order and require compliance therewith.
12 U.S.C. § 1818(n) (1989); *see* 12 U.S.C. § 1821(d)(2)(I)(i) (Supp.1992) (Federal Deposit Insurance Corporation as receiver of insured depository institution has authority to exercise § 1818(n) subpoena power); 12 U.S.C. § 1441a(b)(4) (1989) (§§ 1818(n) and 1821(d)(2)(I)(i) apply to RTC).

lidity until the IRS brings an enforcement action in federal district court. *See id.* at 446, 84 S.Ct. at 512 (enforcement action is adversary proceeding affording judicial determination of challenge to the summons and providing "complete protection" to witness). Like the summons in *Reisman,* the subpoena at issue here is not self-executing and can only be enforced by an order of a district court. As the Fifth Circuit recently noted,

> Where an agency must resort to judicial enforcement of its subpoenas, courts generally dismiss anticipatory actions filed by parties challenging such subpoenas as not being ripe for review because of the availability of an adequate remedy at law if, and when, the agency files an enforcement action.

*In re Ramirez,* 905 F.2d 97, 98 (5th Cir. 1990) (citing *Reisman,* 375 U.S. at 440, 84 S.Ct. at 508; *Atlantic Richfield Co. v. FTC,* 546 F.2d 646, 648–49 (5th Cir.1977); 13A C. Wright, A. Miller, & E. Cooper, *Federal Practice & Procedure* § 3532.6 (2d ed. 1984)).

There is no assurance that the RTC will commence a proceeding to enforce this subpoena. If it does, Plaintiff will at that time be afforded an opportunity to challenge the scope of the subpoena. Plaintiff may also file a motion for change of venue should the RTC bring an enforcement action in a venue which Plaintiff considers improper or unduly inconvenient.

The primary thrust of Plaintiff's argument is that the RTC intends to bring an enforcement action in the United States District Court for the District of Columbia, and that forcing Plaintiff to challenge the subpoena, or even file a motion for change of venue, in that court is unconstitutional. *See* Plaintiff's Brief in Response to Motion to Dismiss First Amended Complaint for Declaratory Judgment and Application for Temporary and Permanent Injunction, reference docket entry # 6, at 8 (when RTC seeks enforcement in Washington, D.C. Plaintiff "will be faced with the choice of defending himself at considerable time and expense in a distant jurisdiction from possible civil and criminal penalties....").

Plaintiff cites no persuasive authority to support this proposition.

Plaintiff relies on *Robertson v. Railroad Labor Board,* 268 U.S. 619, 45 S.Ct. 621, 69 L.Ed. 1119 (1925) (Brandeis, J.), but that case was resolved on the basis of statutory construction. The 1920 Transportation Act provided that the Railroad Labor Board "may invoke the aid of any United States District Court" when a witness failed to comply with a subpoena. *Id.* at 621, 45 S.Ct. at 622. *Robertson* concluded that, although "Congress clearly has the power to authorize a suit under a federal law to be brought in any inferior federal court ... [and] to provide that the process of every District Court shall run into every part of the United States[,]" it had neither expressly nor impliedly conveyed its intent to do so in the statute at issue. *Id.* at 622, 627, 45 S.Ct. at 624. Therefore, the phrase "any United States District Court" was limited to any court "of competent jurisdiction" subject to the general rule of *in personam* jurisdiction. *Id.* at 627, 45 S.Ct. at 624. Section 1818(n), in contrast, expressly provides that the RTC "may apply to the United States District Court for the District of Columbia, or [other specified district courts,] for the enforcement of any subpena or subpena or subpena [sic] duces tecum." 12 U.S.C. § 1818(n).

Plaintiff further argues that preenforcement adjudication is mandated because Plaintiff will be subject to criminal penalty if he fails to comply with the subpoena. *See id.* (willful failure to comply with subpoena constitutes misdemeanor punishable by fine of up to $1,000 or imprisonment of up to one year or both). The Supreme Court in *Reisman* rejected a similar argument. The statute at issue there provided that "any person summoned who 'neglects to appear or to produce' may be prosecuted ... and is subject to a fine not exceeding $1,000, or imprisonment for not more than a year, or both." *Reisman,* 375 U.S. at 446–47, 84 S.Ct. at 512. The Supreme Court observed that "this statute on its face does not apply where the witness appears and interposes good faith challenges to the summons," and therefore noncompliance is not subject to prosecution when the

summons is attacked in good faith. *Id.* at 447, 84 S.Ct. at 512. That observation applies with equal force to Plaintiff's argument here.

Plaintiff is not completely without recourse during the preenforcement stage of the proceedings. The subpoena itself provides that Plaintiff has the right to withhold from production "any Document" within the scope of this Subpoena "[considered] to be privileged or protected from discovery...." Subpoena at 3, Exhibit A to Plaintiff's Original Complaint, reference docket entry #1. Plaintiff did not take advantage of this procedure within the time provided by the subpoena, nor has he otherwise attempted to negotiate with the RTC for modification of the scope of the subpoena. *See id.* (requesting witness to object to production within ten days of service of subpoena). At oral argument on the motion, RTC's attorney indicated that the RTC is still willing to negotiate with Dr. Ramirez over the scope of the subpoena. In any event, this Court is convinced that it has no subject-matter jurisdiction over this lawsuit. The RTC's Motion to Dismiss shall be GRANTED. The dismissal shall not adjudicate the underlying merits of Plaintiff's claim.