**TEXAS LAWYERS INSURANCE EXCHANGE, Plaintiff,**

v.

**RESOLUTION TRUST CORPORATION, Defendant.**

Civ. No. A–92–CA–377–JN.

United States District Court, W.D. Texas, Austin Division.

May 5, 1993.

Stephen E. McConnico, Christopher Fuller, Sam Johnson, Scott, Douglass & Luton, Austin, TX, for plaintiff.

A. Martin Wickliff, Jr., Alton J. Hall, Jr., Wickliff & Hall, Houston, TX, (Paul M. Laurenza, Pettit & Martin, Suzanne Rigby, Resolution Trust Corp., Washington, DC, of counsel), for defendant.

### ORDER

NOWLIN, District Judge.

Before the Court is the above numbered and styled cause of action. Also before the Court is the Defendant Resolution Trust Corporation's Motion to Dismiss, filed July 9, 1992.

The United States Magistrate Judge was requested to make a Report and Recommendation in this matter pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, as amended, effective July 1, 1990.

The Magistrate Judge filed his Report and Recommendation on March 31, 1993. The plaintiff Texas Lawyers Insurance Exchange filed its objections thereto and its motion to stay this action on April 15, 1993.

The Court has undertaken a *de novo* review of the entire file in this cause. The Court is of the opinion and finds that the Report and Recommendation filed by the Magistrate Judge in this cause is correct and should in all things be approved and adopted by the Court.

ACCORDINGLY IT IS ORDERED that the United States Magistrate Judge's Report and Recommendation filed in this cause is hereby APPROVED AND ADOPTED by the Court. This Court agrees with and hereby adopts the findings of fact and conclusions of law made by the Magistrate Judge. This Court does hold that the Plaintiff, and all other similarly situated individuals and entities, shall not be subject to any sanctions, criminal penalties, or fines, until such a party fails to comply with a court order from a judicial enforcement proceeding that has been instituted by the Resolution Trust Corporation.

IT IS ORDERED that Defendant Resolution Trust Corporation's Motion to Dismiss, filed July 9, 1992, is hereby GRANTED.

ACCORDINGLY IT IS ORDERED that the above numbered and styled cause is hereby DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that all other motions pending in the above styled and numbered cause are hereby DENIED AS MOOT.

## REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

CAPELLE, United States Magistrate Judge.

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective July 1, 1990.

Before the Court is the Complaint filed on June 19, 1992 by Texas Lawyer's Insurance Exchange ("TLIE") to Quash, or in the Alternative, Modify Administrative Subpoena issued to it by the Resolution Trust Corporation ("RTC"). The RTC has filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) and a Brief in support thereof on July 9, 1992 (Clerk's Docs. #3 & #4). TLIE filed a Response and Brief to

this Motion to Dismiss on July 27, 1992, to which the RTC replied on August 13, 1992. TLIE filed a Supplement to its Response on March 23, 1993.

## I. *TLIE'S COMPLAINT*

TLIE is a legal malpractice insurance company which has issued policies of legal malpractice insurance to the law firm of Eikenburg & Stiles. TLIE asserts that it has twelve (12) claims files in connection with this law firm and that it maintains a total of twenty-seven (27) files which relate to the firm. TLIE asserts that the files contain privileged communications from the insured and their counsel, as well as TLIE's own attorney-client communications, attorney work product, and consultant expert reports. TLIE states that Eikenburg & Stiles is currently a defendant in a lawsuit filed by the RTC in Civil Action No. H–92–1364, styled *RTC v. Eikenburg & Stiles, et al.,* pending in the United States District Court, Southern District, Houston Division, and that a number of TLIE's files relate directly to this pending lawsuit. The plaintiff states that on or about June 7, 1992, the RTC telecopied the subpoena duces tecum at issue to TLIE's custodian of records, requesting the production of nine categories of documents by June 19, 1992.

TLIE sued to quash or modify this administrative subpoena duces tecum issued by the RTC to it under 12 U.S.C. §§ 1818(n) and 1821(d)(2)(I). TLIE objects to the subpoena on multiple grounds:

1) the RTC is conducting a fishing expedition which is not relevant to its alleged investigation of Commonwealth Savings Association;

2) the RTC's discovery of insurance matters is limited by Fed.R.Civ.P. 26(b)(2), and this action is a clear attempt to evade the provisions of that rule;

3) RTC's request for every document in TLIE's possession regarding the law firm exceeds the ability to only discover applicable insurance policies as dictated by Fed.R.Civ.P. 26(b)(2);

4) the subpoena seeks documents which are protected or exempt from discovery or administrative subpoena by the attorney-client privilege under Fed.R.Civ.P. 26 and Fed.R.Evid. 501;

5) the subpoena seeks documents which are protected or exempt from discovery because the documents constitute attorney work product under Fed.R.Civ.P. 26(b)(3);

6) the subpoena seeks documents which are protected or exempt from discovery by the consultant-witness privilege under Fed. R.Civ.P. 26(b)(4)(B);

7) the subpoena seeks documents which are protected or exempt from discovery as trial preparation materials under Fed. R.Civ.P. 26(b)(3);

8) TLIE is not a party to the litigation which involves the law firm and responding to the subpoena will impose burdensome legal fees and expenses upon it, and Fed. R.Civ.P. 45(c)(1) entitles TLIE to protection from such costs; and

9) under Fed.R.Civ.P. 81, the District Court has jurisdiction to modify or quash the subject subpoena, which it should do under Fed.R.Civ.P. 45(c)(3)(A) if the subpoena "(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or (iv) subjects a person to undue burden."

## II. *DEFENDANTS' MOTION TO DISMISS, OR ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT*

The RTC filed a Motion to Dismiss, or Alternatively, Motion for Summary Judgment. Therein, the RTC asserts that it is conducting an investigation of Commonwealth Savings Association of Houston, Texas, a failed savings institution for which the RTC was appointed conservator, and that this investigation includes a determination whether attorneys for Commonwealth may be liable to the RTC as a result of services performed for Commonwealth. The RTC asserts that the Order of Investigation recites that the RTC is acting pursuant to statutory authority giving it subpoena power which is

provided in 12 U.S.C. §§ 1818(n)[1] and 1821(d)(2)(I),[2] and pursuant to the regulations in 12 C.F.R. Part 308, Subpart K. The subject subpoena was issued pursuant to this Order of Investigation. The RTC asserts that TLIE never filed objections with the RTC to the subpoena, its scope or timing, before filing this lawsuit; thus, the agency has not had an opportunity to review TLIE's objections administratively.

The RTC asserts that the subpoena issued is not self-executing, i.e., the RTC can only enforce compliance with the subpoena by filing an appropriate motion with a federal district court and with an opportunity to respond provided to TLIE. Therefore, the RTC asserts that this Court does not have jurisdiction to entertain this pre-enforcement challenge to the administrative subpoena.

## III. *TLIE'S RESPONSE*

TLIE responds that this Court does have jurisdiction to consider this motion to quash or modify the subpoena. TLIE asserts that § 1818(n) grants the RTC the extraordinary power to fine or imprison those who do not produce subpoenaed documents. It alleges that the penalties and fines are self-executing

because the statute does not require the RTC to first initiate a court action to compel compliance with the subpoena. TLIE asserts that this exposure to criminal penalties vests the district court with jurisdiction.

In its Supplemental Response, TLIE asserts that it has produced the majority of the documents demanded in the subpoena. Upon information and belief, it asserts that only two types of documents in its possession have not been produced: correspondence by TLIE's insured, Eikenburg & Stiles, to TLIE concerning specific claims against the law firm (Subpoena ¶ 1); and reports by TLIE to its reinsurers regarding Eikenburg & Stiles claims (Subpoena ¶ 7).

## IV. *ANALYSIS*

### A. TLIE's Challenge is Partially Moot.

■ In its Supplemental Response, TLIE asserts that only two categories of documents covered by the subpoena are at issue. Therefore, as to the other documents which TLIE produced in compliance with the subpoena, the enforcement issue is now moot. *Office of Thrift Supervision v. Dobbs*, 931 F.2d 956, 957 (D.C.Cir.1991); *Baldridge v. United States*, 406 F.2d 526, 527 (5th Cir.

---

1. This section provides, in pertinent part:

   In the course of or in connection with any proceeding under this section, ... the agency conducting the proceeding, examination, or investigation ... shall have the power to administer oaths and affirmations, to take or cause to be taken depositions, and to issue, revoke, quash, or modify subpoenas and subpoenas duces tecum.... The attendance of witnesses and the production of documents provided for in this subsection may be required from any place in any State or in any territory or other place subject to the jurisdiction of the United States at any designated place where such proceeding is being conducted. Any such agency or any party to proceedings under this section may apply to the United States District Court for the District of Columbia, or the United States district court for the judicial district ... in which such proceeding is being conducted, or where the witness resides or carries on business, for enforcement of any subpoena or subpoena duces tecum issued pursuant to this subsection, and such courts shall have jurisdiction and power to order and require compliance therewith.... Any person who willfully shall fail or refuse to attend and testify or to answer any lawful inquiry or to produce books, papers, correspondence, memoranda, con-

tracts, agreements, or other records, if in such person's power to do so, in obedience to the subpoenas of the appropriate Federal banking agency, shall be guilty of a misdemeanor and, upon conviction, shall be subject to a fine or not more than $1,000 or to imprisonment for a term of not more than one year or both. 12 U.S.C.A. § 1818(n) (West 1989).

2. This section provides:

   The Corporation may, as conservator, receiver, or exclusive manager and for purposes of carrying out any power, authority, or duty with respect to an insured depository institution (including determining any claim against the institution and determining and realizing upon any asset of any person in the course of collecting money due the institution), exercise any power established under section 1818(n) of this title, and the provisions of such section shall apply with respect to the exercise of any such power under this subparagraph in the same manner as such provisions apply under such section. 12 U.S.C.A. § 1821(d)(2)(I) (West Supp.1992).

   Pursuant to 12 U.S.C. § 1441a(b)(4) (1989), both §§ 1818(n) and 1821(d)(2)(I) apply to the RTC. *See Ramirez v. Resolution Trust Corporation*, 798 F.Supp. 415, 415 n. 1 (S.D.Tex.1992).

1969) (appeal from district court order enforcing IRS subpoena became moot upon accountant for taxpayer's compliance with the order). "Once the party has complied with the subpoena and the party issuing the subpoena has obtained the testimony or documents it is seeking, there is no longer a live controversy between the parties." *Dobbs,* 931 F.2d at 957. The analysis and recommendation set forth below thus applies to the two remaining categories of documents.

## B. Jurisdiction.

■ TLIE argues that "[f]ederal courts have long held that exposure to criminal penalties based upon the mere refusal to comply with a regulatory scheme vests the district court with jurisdiction to enjoin enforcement of the regulations." TLIE Brief, p. 4. For this position, TLIE cites *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), in which a party's only avenue to contest state railroad rates was to refuse to comply with the rates, but this refusal subjected the party to fines and imprisonment regardless of the willfulness of the refusal to comply. In *Young,* the Supreme Court held that the federal district court had jurisdiction to enjoin enforcement of the rates. TLIE cites another case *Oklahoma Operating Co. v. Love,* 252 U.S. 331, 40 S.Ct. 338, 64 L.Ed. 596 (1920), for a similar proposition. In that case, the laundry rate fixed by the Oklahoma Corporation Commission could be tested only by contempt with a daily penalty for each day of non-compliance. The Supreme Court held that the federal district court had jurisdiction to enjoin enforcement of the rate statute.

TLIE additionally argues that the main case supporting the RTC's position, *Reisman v. Caplin,* 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964), is distinct from the situation here in that the taxpayer who refused to comply with the subpoena in *Reisman* was not immediately subject to criminal penalties. Thus, the Supreme Court's ruling that the taxpayers' suit for declaratory and injunctive relief should be dismissed because they had an adequate remedy at law, i.e., they could raise their argument in any proceeding brought by the IRS to enforce the subpoena,

is not applicable here. Instead, TLIE argues, § 1818(n) gives the RTC power to enforce criminal penalties without need to first pursue a judicial action to enforce compliance; thus, TLIE's immediate subjugation to prosecution provides this court with jurisdiction to entertain this motion.

However, this argument propounded by TLIE has been considered and found unpersuasive by other courts. The *Reisman* court did consider the taxpayer's argument that he could be prosecuted under a section of the Internal Revenue Code for failing to produce the required documentation and thus be subject to a fine and/or imprisonment, as supported by the holdings of *Young* and *Oklahoma Operating Company.* *Id.,* 375 U.S. at 446, 84 S.Ct. at 512. However, the Court, in denying the declaratory and injunctive relief requested by the accounting firm from which the IRS subpoenaed financial records of certain taxpayers, concentrated on the ability of the taxpayer to challenge the subpoena before being subject to penalty. *Id.* In both *Young* and *Oklahoma Operating Company,* the Court decided that jurisdiction was present because the risk of penalty for refusing to comply with the subpoena was "so severe that the statutory procedure amounts to a denial of judicial review." *Id.* However, in a situation such as the subject "tax enforcement proceeding, the hearing officer has no power of enforcement or right to levy any sanctions." *Id.* Further, even if the taxpayer fails to produce the required documentation, the sanctions section would not be applicable "where the witness appears and interposes good faith challenges to the summons." *Id.,* 375 U.S. at 447, 84 S.Ct. at 512.

The Fifth Circuit Court of Appeals has not yet been presented with a situation similar to the one at hand involving § 1818(n). However, in cases involving other types of administrative subpoenas, the Court has ruled that pre-enforcement challenges to such subpoenas must be dismissed for lack of subject matter jurisdiction. *See Atlantic Richfield Co. v. FTC,* 546 F.2d 646 (5th Cir.1977) (declaratory and injunctive relief denied against enforcement of subpoena because, like the IRS subpoena in *Reisman,* FTC subpoenas are not self-executing and may only be en-

forced by a district court); *United States v. Ramirez*, 905 F.2d 97 (5th Cir.1990) (following *Reisman*, the appellate court reversed the district court because it had no jurisdiction to entertain a motion to quash an administrative subpoena issued by the Immigration and Naturalization Service).

Thus, the question here is whether 12 U.S.C. § 1818(n) requires the RTC to seek judicial enforcement of the subpoena issued thereunder before TLIE can be subject to sanctions for failure to comply or whether TLIE is immediately subject to sanctions without need for an independent court action. In pertinent part, § 1818(n) provides

> Any such agency or any party to proceedings under this section may apply to the United States District Court for the District of Columbia, or the United States district court for the judicial district ... in which such proceeding is being conducted, or where the witness resides or carries on business, for enforcement of any subpoena or subpoena duces tecum issued pursuant to this subsection, and such courts shall have jurisdiction and power to order and require compliance therewith.

12 U.S.C. § 1818(n) (1989).

A court in the Fifth Circuit has construed a subpoena issued under § 1818(n) to not be "self-executing and can only be enforced by an order of a district court." *Ramirez v. Resolution Trust Corporation*, 798 F.Supp. 415, 416 (S.D.Tex.1992). This court was faced with a situation nearly identical to this one presented. The RTC issued an administrative subpoena in order to facilitate an investigation of a failed savings institution, and the recipient filed a complaint to prevent enforcement thereof. The RTC then filed a motion to dismiss under Rule 12(b)(1) alleging the court's lack of subject matter jurisdiction to entertain a pre-enforcement judicial review of an administrative subpoena. The *Ramirez* court, citing the Fifth Circuit, stated:

> Where an agency must resort to judicial enforcement of its subpoenas, courts generally dismiss anticipatory actions filed by parties challenging such subpoenas as not being ripe for review because of the availability of an adequate remedy at law if,

and when, the agency files an enforcement action.

*Id.* (citing *In re Ramirez*, 905 F.2d 97, 98 (5th Cir.1990) (citing *Reisman*, 375 U.S. at 440, 84 S.Ct. at 508)).

In *Ramirez v. RTC*, the court considered the plaintiff's argument that § 1818(n) subjected him to immediate sanctions. *Id.* at 416–17. The court found that "noncompliance is not subject to prosecution when the summons is attacked in good faith." *Id.* (citing *Reisman*, 375 U.S. at 447, 84 S.Ct. at 512). The plaintiff was afforded but failed to act on several opportunities to protect himself during the pre-enforcement stage: the subpoena itself allowed him to withhold any document considered privileged or protected from discovery, and he did not attempt to negotiate with the RTC for modification of the subpoena's scope before filing his complaint. *Id.*, 798 F.Supp. at 417. Finding unpersuasive the plaintiff's sanctions argument, the court determined it had no jurisdiction to hear the pre-enforcement challenge. *Id.* at 417.

In addition to *Ramirez*, other courts reviewing § 1818(n) have determined that subpoenas issued thereunder are not self-executing but require the agency to seek enforcement in federal court. *See Dobbs*, 931 F.2d at 957, *dismissing* Civ. No. 90–0029, 1990 WL 108965 (D.D.C. July 19, 1990) (Lexis, Genfed Library, Dist. File) ("In the context of an administrative subpoena, the administrative agency must request a district court to enforce its subpoenas."); *Chandler v. RTC*, Civ. No. J91–0691(W)(C), (S.D.Miss., Jackson Division, Dec. 16, 1991) (attached as Exhibit 1 to RTC's Brief) (court lacks subject matter jurisdiction over plaintiff's motion to quash because RTC's subpoena was not self-executing and can only be enforced by a federal district court); *First City Savings Bank, S.S.B. v. RTC*, Civ. Nos. 92–136–B and No. 92–175–B, J91–0691(W)(C), (M.D. La., April 22, 1992) (attached as Exhibit 3 to RTC's Brief) (same).

### C. The Situation Presented.

The RTC asserts, which TLIE has not rebutted, that TLIE made no effort before

filing this action to file objections with the RTC to have the subpoena quashed, limited or modified although the pertinent regulation (12 C.F.R. § 308.146) allows for such action. *See* RTC's Brief in support of its Motion to Dismiss, p. 2 n. 1. Thus, the RTC has not had an opportunity to administratively review the subject subpoena. *Id.* Further, similar to the subpoena in *Ramirez v. RTC,* the subpoena here allows TLIE to withhold any document on the basis of privilege or otherwise *if specific information regarding the withheld document is supplied to the* RTC, such as who prepared the document, its subject matter, why the document is claimed to be privileged, etc. *See* Subpoena, ¶ D, attached to TLIE's Complaint. TLIE apparently did not proceed in this manner, at least as to the two remaining categories of documents not yet produced.

Here, the RTC issued its administrative subpoena pursuant to § 1818(n) and § 1821(d)(2)(I). Following *Ramirez v. RTC,* this Court concludes that the subpoena at issue is not self-executing and the RTC must resort to district court action to compel enforcement thereof. If such an action is initiated, if ever, TLIE will then be afforded an opportunity to respond and assert its reasons for noncompliance. If a district court then determines that TLIE has interposed a good faith challenge to the subpoena and follows *Reisman* and *Ramirez,* TLIE should not be subject to prosecution.

## V. *RECOMMENDATION*

In light of the foregoing, the Magistrate Court RECOMMENDS that the District Court GRANT the Defendant RTC's Motion to Dismiss the Case under Fed.R.Civ.P. 12(b)(1) filed on July 9, 1992 (# 3) and DISMISS TLIE's complaint against the RTC for lack of subject matter jurisdiction.

## VI. *WARNINGS*

TLIE may file objections to this recommendation. Failure to file written objections to the findings and recommendations contained in this report within ten (10) days from the date of its receipt shall bar an aggrieved party from receiving a de novo review by the district court of the findings

and recommendations in this report, *see* 28 U.S.C. § 636(b)(1)(C), and shall bar an aggrieved party from attacking the findings and recommendations contained in this report on appeal, *see Nettles v. Wainwright,* 677 F.2d 404, 408–410 (5th Cir.1982) (Unit B *en banc* ). *See also Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435, 445 (1985) (rehearing denied) (bar of attack on appeal held constitutional and not in violation of Federal Magistrates Act).

The clerk is directed to mail a copy of this recommendation to all parties, return receipt requested.

SIGNED this 30th day of March, 1993.