**OFFICE OF THRIFT SUPERVISION, DEPARTMENT OF the TREASURY**

v.

**Walter DOBBS, Appellant.**

**No. 90–5251.**

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 25, 1991.

Decided May 3, 1991.

Scott E. Bartel, Bartel Eng Miller & Torngren, Sacramento, Cal., for appellant.

Alexander Weir III, Senior Enforcement Atty., Dept. of the Treasury, with whom Harris Weinstein, Chief Counsel, Dept. of the Treasury, was on the brief, Washington, D.C., for appellee. Aaron B. Kahn, Atty., Dept. of Treasury, Washington, D.C., also entered an appearance for appellee.

Before MIKVA, Chief Judge, and D.H. GINSBURG and SENTELLE, Circuit Judges.

Opinion for the Court filed by Circuit Judge SENTELLE.

SENTELLE, Circuit Judge:

In this case, appellant Walter Dobbs challenges a district court decision enforcing a subpoena against him. Because appellant has complied with the subpoena, there is no live controversy before this Court, and we find the appeal to be moot.

## I. BACKGROUND

In the course of investigating Gold River Savings Bank, the Office of Thrift Supervision of the Department of the Treasury ("OTS") issued a subpoena *duces tecum* against appellant Dobbs, requiring him to provide certain documents and to appear for a deposition in Fair Oaks, California. Dobbs filed a motion with OTS to quash the subpoena, but OTS denied the motion. Dobbs then provided to OTS the documents requested under the subpoena, and agreed to be deposed in Fair Oaks.

OTS later notified Dobbs's counsel that the deposition would be held in San Francisco, California, rather than in Fair Oaks. When Dobbs objected to this change, OTS sought enforcement of the subpoena in the United States District Court for the District of Columbia. The district court rejected Dobbs's arguments that the court lacked both subject matter and *in personam* jurisdiction, and granted OTS's petition to enforce the subpoena. Following this proceeding, Dobbs complied with the OTS subpoena. Dobbs now appeals the district court's enforcement decision to this Court.

## II. DISCUSSION

■ A subpoena is not an appealable final order. *See Cobbledick v. United States*, 309 U.S. 323, 330, 60 S.Ct. 540, 543, 84 L.Ed. 783 (1940); *United States v. Ryan*, 402 U.S. 530, 532, 91 S.Ct. 1580, 1581, 29 L.Ed.2d 85 (1971). To obtain review of a subpoena, a party must refuse to comply with the subpoena, be held in con-

tempt by the trial court, and appeal the finding of contempt to the appellate court. *Id.* at 533, 91 S.Ct. at 1582. In the context of an administrative subpoena, the administrative agency must request a district court to enforce its subpoenas. *See, e.g., Cudahy Packing Co. v. Holland*, 315 U.S. 357, 360, 62 S.Ct. 651, 653, 86 L.Ed. 895 (1942); *Reisman v. Caplin*, 375 U.S. 440, 445–46, 84 S.Ct. 508, 511–12, 11 L.Ed.2d 459 (1964). The resulting enforcement order is an appealable final order normally tested on appeal after noncompliance and contempt. *FTC v. Texaco, Inc.*, 555 F.2d 862, 873 n. 21 (D.C.Cir.), *cert. denied*, 431 U.S. 974, 97 S.Ct. 2939, 53 L.Ed.2d 1072 (1977).

■ Appellant Dobbs is appealing such an enforcement decision in the present case. However, between the time of the district court decision and this appeal, Dobbs complied with the subpoena, appearing for the requested deposition in San Francisco, California. Numerous courts have held that an appeal from enforcement of a subpoena becomes moot once the party has complied with the subpoena. *See, e.g., United States v. Patmon*, 630 F.2d 458, 459 (6th Cir.1980); *United States v. Arthur Andersen & Co.*, 623 F.2d 720, 722 (1st Cir.), *cert. denied*, 449 U.S. 1021, 101 S.Ct. 588, 66 L.Ed.2d 483 (1980); *United States v. Deak–Perera Int'l Banking Corp.*, 610 F.2d 89, 89 (2d Cir.1979); *SEC v. Laird*, 598 F.2d 1162, 1163 (9th Cir.1979); *Barney v. United States*, 568 F.2d 116, 117 (8th Cir.1978); *Kurshan v. Riley*, 484 F.2d 952, 952 (4th Cir.1973); *Baldridge v. United States*, 406 F.2d 526, 527 (5th Cir.1969). Once the party has complied with the subpoena and the party issuing the subpoena has obtained the testimony or documents it is seeking, there is no longer a live controversy between the parties. *Cf., e.g., United States v. Garde*, 848 F.2d 1307, 1309 (D.C.Cir.1988) ("Once the information regarding the allegations of nuclear safety problems was received by the NRC, and was deemed by the agency sufficient to satisfy the relief it sought on appeal, the substance of the controversy disappeared and the case became moot."); *Crooker v.*

*United States State Dept.*, 628 F.2d 9, 10 (D.C.Cir.1980) ("Once the records are produced [in a FOIA case] the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made.").

Dobbs argues that the case before us is not moot because he remains subject to the subpoena. According to Dobbs, this means that OTS may seek future enforcement of the subpoena at any time. Appellant's speculative concern about future government action that may never even occur is insufficient to create a concrete present controversy. Moreover, because Dobbs will have an opportunity to challenge the subpoena should OTS seek future enforcement, his case fails to meet the exception from the mootness doctrine for cases "capable of repetition yet evading review." *See EEOC v. St. Regis Paper Co.–Kraft Div.*, 717 F.2d 1302, 1303 (9th Cir.1983) (future enforcement of subpoena will not evade review unless party continues to voluntarily comply). What Dobbs is requesting in this case is protection from future attempts to enforce the subpoena—attempts that may not even occur and, if they do, will provide their own opportunity for review. Thus, no live controversy exists before this Court regarding future enforcement of the subpoena.

Dobbs argues, in addition, that a live controversy remains regarding the *use* of the testimony obtained through the subpoena. Even though he has provided testimony to OTS, he argues that this Court could grant relief from the subpoena by sealing the deposition record against future use. Specifically, Dobbs fears that Fifth Amendment claims he made during the deposition will be used to support an adverse inference against him in a future administrative proceeding under section 8(e) of the Federal Deposit Insurance Act. 12 U.S.C. § 1818(e).

Again, however, Dobbs is seeking this Court's protection from future OTS action that may never occur. The Seventh Circuit dealt with a similar case in *United States v. Kis*, 658 F.2d 526 (7th Cir.1981), *cert. denied*, 455 U.S. 1018, 102 S.Ct. 1712, 72 L.Ed.2d 135 (1982). In that case, the appellant complied with an Internal Revenue Service summons to produce handwriting exemplars following an enforcement proceeding. The court held the appeal to be moot because the court could not grant any relief that would affect the legal rights of the parties. The court specifically rejected appellant's claim that the court should suppress the handwriting exemplars against future use. According to the court, such a ruling "would ignore the well-established rule that questions of suppression should not be considered until the time when the Government seeks to use that evidence." 658 F.2d at 533 (footnote omitted). Indeed, the court found that such a step would be "highly speculative," as there was no guarantee the government would in fact use the handwriting exemplars against the appellant. *Id.* The court concluded that, "[i]f the Government does decide to prosecute the [appellants] either in a civil or criminal proceeding, they may challenge the introduction of that evidence at that time, but there is no need, nor would it be proper, to decide that question now." *Id.* (footnote omitted).

This case would present a different issue were Dobbs requesting the government to return documents he had provided, rather than merely to seal his testimony. This Court held in *FTC v. Browning*, 435 F.2d 96 (D.C.Cir.1970), that an appellant could challenge a subpoena following compliance with an enforcement order when the appellant was seeking the return of documents it had supplied to the government pursuant to a subpoena *duces tecum*. The Court found that such a case was not moot because "the records are still in the government's possession and thus if they were wrongfully subpoenaed, [appellant] would be entitled to their return." 435 F.2d at 97–98 n. 1. Thus, where the government retains property obtained through a subpoena, the controversy remains open as to the government's continued right to custody of those documents. *See FTC v. Gibson Products of San Antonio, Inc.*, 569 F.2d 900, 903 (5th Cir.1978) (subpoena enforcement not moot following compliance because "relief would be available by an or-

der requiring the [administrative agency] to return the subpoenaed documents and to forbid use of the material in the adjudicatory hearing"); *United States v. Waltman*, 525 F.2d 371, 373 n. 1 (3d Cir.1975) (surrender of personal diary in response to subpoena did not moot controversy; "if the diary is not a corporate record, the individual respondent is entitled to its return and appropriate suppression of the use of its contents").

The Third Circuit has extended this reasoning, allowing materials to be sealed against future use without considering the issue of custody. For example, in *Gluck v. United States*, 771 F.2d 750 (3d Cir.1985), the Third Circuit held that an appeal from enforcement of a subpoena was not moot even though the appellant had complied with the subpoena by providing the requested documents. According to the court, "the surrendering of the documents to the IRS does not end the controversy between the parties because, if we find that the summonses were illegal, we can still fashion a remedy—prohibition of the use of the summoned documents—to afford ... effective relief." *Gluck*, 771 F.2d at 754.

The Third Circuit relied on its earlier decision in *United States v. Friedman*, 532 F.2d 928 (3d Cir.1976). There, the court found that an appeal from enforcement of a subpoena *duces tecum* was not moot despite subsequent compliance. According to the court,

> [i]f the taxpayers were to prevail in their contention that all summonses were illegal because they were issued solely to gather evidence for use in a criminal prosecution, then the records acquired from Friedman would have been obtained unlawfully. Such a ruling could affect the possible use of these records in any subsequent criminal or civil proceeding brought against the taxpayers.

*Friedman*, 532 F.2d at 931. The Third Circuit's approach implies that no subpoena case is moot so long as the court can provide redress by sealing documents or testimony against future use.

However, neither *Gluck* nor *Friedman* explains why enforcement of an administrative subpoena should differ from the enforcement of a litigation subpoena. In the litigation context, the party subject to a subpoena may either refuse to comply, and subsequently appeal the ensuing contempt order, or may comply, and raise the issue as an error on appeal from the final action. There is no indication why this process does not apply in the administrative context. If information is wrongly obtained through an administrative subpoena and used in a subsequent civil or criminal proceeding, the subpoenaed party remains free to challenge the use of the information in the appeal from *that* proceeding.

In contrast, appellant's present claim requires this Court to take action upon the purely speculative assumption that the agency will pursue future use of the subpoenaed testimony. In the case of records, a party may challenge a subpoena in an effort to retrieve records the government obtained through the subpoena. In such a case, there remains a live controversy over the custody of the records. However, a party cannot retrieve testimony once it is given; the party can only ask that the testimony be sealed against future use. In that event, such a challenge would be ripe only at the time when that future use is a real, not a speculative, possibility. *See Baldridge*, 406 F.2d at 527 (determination regarding future admissibility of subpoenaed materials would be in the nature of an advisory opinion) (citing *Lawhon v. United States*, 390 F.2d 663 (5th Cir.1968)).

Because appellant seeks only to seal his testimony against future use, we find that his appeal became moot upon his compliance with the district court's order enforcing the subpoena. *Cf. United States v. Kersting*, 891 F.2d 1407, 1410–11 n. 8 (9th Cir.1989) (rejecting *Gluck* to hold generally that compliance with IRS summons moots appeal of enforceability), *cert. denied,* — U.S. —, 111 S.Ct. 49, 112 L.Ed.2d 25 (1990); *Hintze v. IRS*, 879 F.2d 121, 125 n. 7 (4th Cir.1989) (same). Appellant cannot transform his testimony into a returnable record simply by requesting this Court to seal the deposition transcript against future use. Rather than seeking to contest the continued custody of records, appellant

seeks to circumvent the subpoena process in an effort to protect himself against future enforcement of the subpoena and to seal his testimony from future use. Speculations on future enforcement of the subpoena and future use of the testimony do not constitute a live controversy for this Court to resolve.

### III. CONCLUSION

Because there is no live controversy before this Court, we can provide no legal relief to the parties at this time. We therefore dismiss [1] this appeal as moot.

*It is so ordered.*

---

1. As neither party has requested it, we do not vacate the district court's judgment. *Cf. United States v. Munsingwear,* 340 U.S. 36, 40, 71 S.Ct. 104, 107, 95 L.Ed. 36 (1950) (previous mooted appeal simply dismissed where "the United States made no motion to vacate the judgment").