**RESOLUTION TRUST CORPORATION,**
Petitioner,

v.

**James McDOUGAL et al., Respondents.**

**Misc. A. No. 94–0272 (HHG).**

United States District Court,
District of Columbia.

Oct. 28, 1994.

Suzanne Rigby, Resolution Trust Corp., Paul M. Laurenza, John H. Korns, Mark G. Pedretti, Pettit & Martin, Washington, DC, for petitioner.

Alan S. Novins, Lee Ellen Helfrich, Lobel, Novins, Lamont & Flug, John H. Haley, Arnold, Grobmyer & Haley, Washington, DC, Little Rock, AR, for respondent Jim Guy Tucker.

*OPINION*

HAROLD H. GREENE, District Judge.

This case comes before this Court on petition of the Resolution Trust Corporation ("RTC") to enforce subpoenas duces tecum and ad testificandum issued to respondents Jim Guy Tucker ("Tucker") and James McDougal ("McDougal"). The subpoenas were issued to respondents on June 1, 1994 and to date neither respondent has complied with either subpoena. On September 1, 1994, this Court ordered both respondents to appear in this Court on October 18, 1994 to show cause why the subpoenas should not be enforced.

I

Respondent McDougal did not respond in any way to that show cause order. He filed no motions, and he failed to appear at the hearing scheduled for October 18, 1994. Thus, respondent McDougal failed to show cause why the subpoenas should not be enforced against him. The Court accordingly will grant the RTC's petition to enforce the subpoenas issued to respondent McDougal.

II

Respondent Tucker did respond to the show cause order. While he made no objection to the substance of the subpoena request, he did file three procedural motions with the Court—a motion to dismiss for lack of personal jurisdiction, a motion to transfer venue to the United States District Court for the Eastern District of Arkansas, and a motion to stay the enforcement proceedings pending resolution of these two procedural motions.

There is no merit to the latter two motions. The arguments supporting the motion to transfer venue are not compelling. Although Tucker correctly notes that he as well as the vast majority, if not all, the relevant documents are located in Arkansas,[1] this has little bearing on this proceeding. The issue to be addressed in the show cause hearing is whether the subpoena shall be enforced. There is no need for the respondent to produce documents or witnesses at the hearing itself. Nor does the respondent have to appear in person at the hearing, as long as he is represented by counsel. Given these facts, the Court finds that a transfer would not

---

1. Respondent Tucker is the Governor of the State of Arkansas.

serve any purpose other than delay. The motion to transfer venue will therefore be denied.

The motion to stay the proceedings pending resolution of procedural matters is also meritless. It would similarly delay the enforcement proceedings without good cause. Therefore, the motion to stay will also be denied.

Respondent's motion to dismiss for lack of personal jurisdiction, on the other hand, presents a much more difficult issue. The question of a tribunal's power to hale respondents like Tucker into court in the type of situation now before this Court is one that has not been exhaustively addressed in the case law of this or any other federal circuit.[2] Because of the dearth of precedent on this question, the Court has reviewed it in some detail.

The basic issue is whether this Court has the power to assert personal jurisdiction over respondents like Tucker in enforcement proceedings brought by the RTC under the authority of 12 U.S.C. § 1818(n).[3] This question, in turn, boils down to an even more basic question: Does the Court have authorization to serve extraterritorial process in this litigation? This question is crucial since federal courts of course lack the power to assert personal jurisdiction over a party unless that party is properly served with process.

Thus the question is whether respondent Tucker was properly served with process.

Under the Federal Rules of Civil Procedure, a federal court's power to authorize service of process is limited. Fed.R.Civ.P. 4(k). The Court may reach parties like Tucker who live outside the jurisdiction only if it is authorized to do so by a federal statute, the local long-arm statute, or the Federal Rules of Civil Procedure. *Id.* In this case, both parties agree that neither the District of Columbia long-arm statute nor the Federal Rules of Civil Procedure authorize service of process on respondent Tucker. It follows that the only possible authority upon which this Court could rely is the federal statute that brings this case to this Court—12 U.S.C. § 1818(n).

Section 1818(n) does not mention personal jurisdiction or service of process explicitly, and the section can be read to confer personal jurisdiction only by implication, if at all.[4] The question is whether this Court should read such authority into § 1818(n). Only one case in the federal courts seems to have addressed this question. In *OTS v. Dobbs,* Civ. No. 90–0029, 1990 WL 108965, 1990 U.S.Dist.LEXIS 9053 (D.D.C.1990), *appeal dismissed on other grounds,* 931 F.2d 956 (D.C.Cir.1991), Judge Royce Lamberth of this Court concluded that § 1818(n) gave the court nationwide jurisdiction for enforcement of OTS subpoenas. The *Dobbs* case thus apparently found that the power to serve nationwide process should be implied in § 1818(n). However, the opinion in the *Dobbs* case did not provide extensive analysis

---

**2.** To date, only one case appears to have directly addressed the issue presented in this case. That case, *OTS v. Dobbs,* Civ. No. 90–0029, 1990 WL 108965, 1990 U.S.Dist.LEXIS 9053 (D.D.C. 1990), *appeal dismissed on other grounds,* 931 F.2d 956 (D.C.Cir.1991), is discussed briefly below.

**3.** Section 1818(n) is part of the Federal Deposit Insurance Act that governs banks and banking. The relevant portion of that section reads as follows:

[The RTC] shall have the power ... to issue, revoke, quash, or modify subpoenas and subpoenas duces tecum.... The attendance of witnesses and the production of documents provided for in this subsection may be required from any place in any State ... or other place subject to the jurisdiction of the United States

at any designated place where such proceeding is being conducted. [The] agency ... may apply to the United States District Court for the District of Columbia, or the United States district court for the judicial district ... in which such proceeding is being conducted, or where the witness resides or carries on business, for enforcement of any subpoena or subpoena duces tecum issued pursuant to this subsection, and such courts shall have jurisdiction and power to order and require compliance herewith.

12 U.S.C. § 1818(n).

**4.** At certain points in its briefs to this Court, the RTC seems to make the argument that § 1818(n) confers personal jurisdiction explicitly. This argument is frivolous; the statute on its face is silent on the issues of personal jurisdiction and service of process.

to guide this Court.[5]

Given this dearth of discussion on this issue in the cases, both parties rely on comparisons to argue for their positions, each contending that § 1818(n) is similar to other statutes which have been construed in a way favorable to that party's views. The task for this Court is to decide which comparisons are most apt.

The RTC argues that § 1818(n) includes an implied grant of personal jurisdiction. In support of this argument, the agency cites several cases in this Circuit which found that, although certain subpoena enforcement provisions were silent on the question of personal jurisdiction, the power to serve process nationwide should nevertheless be implied from the statutory scheme. *See FTC v. Browning*, 435 F.2d 96 (D.C.Cir.1970); *FEC v. Committee to Elect Lyndon LaRouche*, 613 F.2d 849 (D.C.Cir.1979), *cert. denied*, 444 U.S. 1074, 100 S.Ct. 1019, 62 L.Ed.2d 755 (1980); *United States v. Firestone Tire & Rubber Co.*, 455 F.Supp. 1072 (D.D.C.1978).[6] The RTC argues that similar analysis should

apply here and that this Court should imply a grant of personal jurisdiction from § 1818(n).

The problem with this argument is that it does not take into account one major distinction between the statute at issue here and the statutes involved in *Browning, LaRouche*, and *Firestone*. The statutes in the *Browning* line of cases all laid venue only in the jurisdiction "in which the inquiry is being carried on." The fact that venue was thus restricted to only one court was key to the courts' decisions to imply personal jurisdiction. The opinions all noted that if that one court was not given personal jurisdiction over the parties, then the enforcement proceeding could not be brought in any court (unless the court in which venue was laid happened to have personal jurisdiction over the respondent for some other reason). The opinions in *Browning, LaRouche*, and *Firestone* highlighted this fact as key to their decision to imply a grant of personal jurisdiction.

The fact that § 1818(n) lays venue in more than one court weakens the RTC's argument

---

**5.** This may be the result of the briefing and focus of the parties in that case. This specific issue does not appear to have been extensively briefed in that action.

**6.** In the *Browning* case, the Court of Appeals found that § 9 of the Federal Trade Commission Act should be read to confer personal jurisdiction by implication. *Browning*, 435 F.2d at 99–100. The relevant portion of the act reads as follows:

> § 9 of the Federal Trade Commission Act: [The FTC] shall have the power to require by subpoena the attendance and testimony of witnesses and the production of all such documentary evidence relating to any matter under investigation.... Such attendance of witnesses, and the production of such documentary evidence, may be required from any place in the United States, at any designated place of hearing. And in case of disobedience to a subpoena the FTC may invoke the aid of any court of the United States in requiring the attendance and testimony of witnesses and the production of documentary evidence. Any of the district courts of the United States within the jurisdiction of which such inquiry is carried on may, in case of ... refusal to obey a subpoena ..., issue an order requiring such ... person to appear before the commission, or to produce documentary evidence if so ordered, or to give evidence touching the matter in question.... [T]he district courts of the United States shall have jurisdiction to issue

writs of mandamus commanding any person or corporation to comply....

15 U.S.C. § 49.

In the *LaRouche* case, the Court of Appeals found that the same analysis should apply to § 437d(b) of the Federal Election Campaign Act. *LaRouche*, 613 F.2d at 859. The relevant portion of that act reads as follows:

> Any United States district court within the jurisdiction of which any inquiry is carried on, may, upon petition by the [FEC], in case of refusal to obey a subpoena or order of the Commission issued under subsection (a) of this section, issue an order requiring compliance therewith.

2 U.S.C. § 437d(b).

In the *Firestone* case, this Court applied the *Browning* analysis to § 1401(c) of the National Traffic Highway Safety Act. *Firestone*, 455 F.2d at 1079. The statute construed in that case states:

> [The Secretary of Transportation or his delegates] may require, by subpoena or otherwise, the attendance and testimony of such witnesses and the production of such books, papers, correspondence, [etc.], as the Secretary shall deem advisable.... Any of the district courts of the United States within the jurisdiction of which an inquiry is carried on may, in the case of contumacy or refusal to obey a subpoena or order of the Secretary [or his delegate], issue an order requiring compliance therewith....

15 U.S.C. § 1401(c).

that this section should be treated like the statutes in the *Browning* line of cases. The driving force in those cases is absent here. Given this critical distinction between this case and the *Browning* line of cases, it is clear that these decisions do not control the analysis here. The *Browning* line does support the RTC's argument that a court may, in certain circumstances, imply a grant of personal jurisdiction, but it does not decide the issue of whether the Court should do so in this case.

The Court concludes that it should not find an implied grant of personal jurisdiction here. In a fairly recent case, the Supreme Court held that "Congress knows how to authorize nationwide service of process when it wants to provide for it. That Congress failed to do so here argues forcefully that such an authorization was not its intention." *Omni Capital International, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 106, 108 S.Ct. 404, 411, 98 L.Ed.2d 415 (1987). The omission from § 1818(n) of any language referring to process or personal jurisdiction appears to be indicative of Congress's intent not to authorize nationwide service of process.

This conclusion is directly buttressed by several statutes which contain language similar to § 1818(n) but which also include language explicitly addressing the issue of process.[7] These statutes not only show that Congress knows how to authorize nationwide service of process in subpoena enforcement statutes, but also that when it intends that result, it makes that purpose clear. The Court finds the omission of such language from § 1818(n) to be decisive.

In short, the statutes just cited all contain language similar to § 1818(n); they all involve the enforcement of subpoenas issued by a federal agency that has nationwide subpoena power; and they provide for venue in more than one forum. In these ways, these laws are more similar to § 1818(n) than any of the statutes cited by the RTC. As the Supreme Court noted in *Omni*, "we find it significant that Congress expressly provided

7. The statutes cited by respondent are as follows (the process language is underlined for clarity):

§ 2554 of the Crime Control Act: The attendance of witnesses and the production of evidence may be required from any place within the United States at any designated place of hearing within the United States.... If a person refuses to obey a subpoena issued under this subsection, the Commission may apply to a district court of the United States for an order requiring that person to appear before the Commission to give testimony or produce evidence, as the case may be, relating to the matter under investigation.... The application may be made within the judicial district where the hearing is conducted or where that person is found, resides, or transacts business.... *All process of any court to which application is to be made ... may be served in the judicial district in which the person required to be served resides or may be found.*
42 U.S.C. § 2286b: The attendance of witnesses and the production of evidence may be required from any place in the United States at any designated place of hearing in the United States.... If a person issued a subpoena under paragraph (1) refuses to obey such subpoena or is guilty of contumacy, any court of the United States within the judicial district within which the hearing is conducted or within the judicial district within which such person is found or resides or transacts business may (upon application by the Board) order such person to appear before the Board to produce evidence or to give testimony relating to the

matter under investigation.... *All process of any court to which application is made under this section may be served in the judicial district in which the person required to be served resides or may be found.*
7 U.S.C. § 6010: The production of any such records may be required from any place in the United States.... In case of contumacy by, or refusal to obey a subpoena issued to, any person, the Secretary may invoke the aid of any court of the United States within the jurisdiction of which such investigation or proceeding is carried on, or where such person resides or carries on business, in order to enforce a subpoena issued by the Secretary under subsection (b) of this section ..... *Process in any such case may be served in the judicial district in which such person resides or conducts business or wherever such person may be found.*
7 U.S.C. § 6809: The production of records may be required from any place in the United States.... In the case of contumacy by or refusal to obey a subpoena issued under subsection (b) of this section to, any person, the Secretary may invoke the aid of any court of the United States within the jurisdiction of which the investigation or proceeding is conducted, or where the person resides or conducts business, in order to enforce a subpoena issued under subsection (b) of this section.... *Process in any proceeding under this subsection may be served in the United States judicial district in which the person being proceeded against resides or conducts business or wherever the person may be found.*

for nationwide service of process in those sections but did not do so [here]." *Omni,* 484 U.S. at 106, 108 S.Ct. at 410.[8]

Finally, the construction urged on this Court by respondent Tucker makes the most sense as a policy of construction. The language of the statute is silent (or at best ambiguous) on the subjects of personal jurisdiction and service of process. Where there is such a gap in the statutory scheme, the Court should be loath to fill the gap unless, as in *Browning,* there is a clear need for the Court to do so. No such need exists in this case. The RTC can always bring its enforcement action in Arkansas, where the District Court would clearly have subject matter jurisdiction, venue, and personal jurisdiction.

For these reasons, the Court concludes that § 1818(n) does not confer personal jurisdiction on this Court. Thus, Tucker's motion to dismiss for lack of personal jurisdiction is granted, and the case will be dismissed as to him. As for McDougal, the subpoenas will be enforced.[9]

### ORDER

This case comes before this Court on petition of the Resolution Trust Corporation ("RTC") to enforce subpoenas duces tecum and ad testificandum issued to respondents Jim Guy Tucker ("Tucker") and James McDougal ("McDougal"). The subpoenas were issued to respondents on June 1, 1994 and to date neither respondent has complied with either subpoena. On September 1, 1994, this Court ordered both respondents to appear in this Court on October 18, 1994 to show cause why the subpoenas should not be enforced.

For the reasons set forth in the accompanying opinion, the Court finds that the petition should be granted as to respondent McDougal and dismissed as to respondent Tucker. Accordingly, it is this 28th day of October, 1994,

ORDERED that, as to respondent McDougal, the petition to enforce the subpoenas be and it is hereby granted; and it is further

ORDERED that respondent McDougal shall comply with the administrative subpoenas duces tecum and ad testificandum issued by the RTC on June 1, 1994, and served on McDougal in connection with the RTC's investigation into Madison Guaranty Savings and Loan in McCrory, Arkansas; and it is further

ORDERED that respondent Tucker's motion to transfer venue be and it is hereby denied; and it is further

ORDERED that respondent Tucker's motion to stay be and it is hereby denied; and it is further

ORDERED that respondent Tucker's motion to dismiss for lack of personal jurisdiction be and it is hereby granted.

All other issues are deemed moot.

---

8. The mention of process in these statutes also suggests that the language common to both § 1818(n) and those statutes must refer to something other than personal jurisdiction. It follows that the RTC's arguments about how the language of § 1818(n) should be read to confer personal jurisdiction cannot prevail because, were the language of § 1818(n) to be read to imply a grant of personal jurisdiction, then the added process language in the other statutes would be redundant and meaningless. Such a construction would fly in the face of the well-settled rule that one part of a statute should not be construed to render another part meaningless.

*Helvering v. Morgan's Inc.,* 293 U.S. 121, 126–27, 55 S.Ct. 60, 61–63, 79 L.Ed. 232 (1934).

9. Because the defense of lack of personal jurisdiction is a personal one that must be raised by the party, and this defense was not raised by respondent McDougal, the Court here does not consider the defense as regards that respondent. As explained above, McDougal did not respond to the show cause order. The Court interprets McDougal's silence to mean that he has no objections, either procedural or substantive, to these proceedings.