**RESOLUTION TRUST CORPORATION, Petitioner,**

v.

**R. Wayne LECHASE, Respondent.**

**Misc. No. 95–0091 (JHG).**

United States District Court, District of Columbia.

May 24, 1995.

John Hamilton Korns, II, Pettit & Martin, Washington, DC, Suzanne Rigby, Resolution Trust Corp., Complex Litigation Unit, Washington, DC, for petitioner.

John Thomas Parry, Williams & Connolly, Edward Bennett Williams Building, Washington, DC, for respondent.

## *MEMORANDUM OPINION AND ORDER*

JOYCE HENS GREEN, District Judge.

Presently pending is Respondent's Motion to Dismiss for Lack of Personal Jurisdiction. The sole question presented is whether 12

U.S.C. § 1818(n) confers upon this Court the power to issue nationwide service of process and, therefore, acquire personal jurisdiction over nonresidents. Answering the question in the negative, the motion is granted and the petition is dismissed.

## I. Background

Columbia Banking Federal Savings and Loan Association, Rochester, New York ("Columbia") is a failed depository institution for which petitioner, the Resolution Trust Corporation ("RTC") was appointed receiver. RTC is currently investigating possible claims against various individuals and entities related to Columbia.

As part of the investigation, RTC issued a subpoena duces tecum to respondent, R. Wayne LeChase, a resident of New York. The subpoena seeks information relating to Columbia and also material regarding respondent's assets, asset transfers and professional liability insurance policies. Mr. LeChase failed to respond to the subpoena and RTC filed the instant petition for expedited summary enforcement of the administrative subpoena duces tecum.

## II. Discussion

■ RTC invokes the jurisdiction of this Court pursuant to Section 8(n) of the Federal Deposit Insurance Act, which grants RTC the authority to:

> apply to the United States District Court for the District of Columbia, or the United States district court for the judicial district ... in which such proceeding is being conducted, or where the witness resides or carries on business, for enforcement of any subpena or subpena duces tecum issued pursuant to this subsection, and such courts shall have jurisdiction and power to order and require compliance therewith.

18 U.S.C. § 1818(n). Mr. LeChase concedes that this provision grants this Court subject matter jurisdiction over this action and lays venue in this Court. He asserts, however, that it fails to authorize nationwide service of process which is necessary to establish personal jurisdiction over a nonresident.[1] *See*

*Mississippi Publishing Corp. v. Murphree,* 326 U.S. 438, 444–45, 66 S.Ct. 242, 246, 90 L.Ed. 185 (1946) ("service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served").

Respondent finds support for his position in a recent case from another judge of this Court and from language in a Supreme Court decision. In *Omni Capital International, Ltd. v. Rudolf Wolff & Co.,* 484 U.S. 97, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987), the Supreme Court found that the Commodity Exchange Act, as amended, 7 U.S.C. § 1 *et seq.,* did not provide for nationwide service of process. Noteworthy in that Court's view was that the relevant statutory provision was silent as to service of process, while an amendment to the statute (enacted while the case was pending) expressly authorized nationwide service of process. The Court remarked, "It would appear that Congress knows how to authorize nationwide service of process when it wants to provide for it. That Congress failed to do so here argues forcefully that such authorization was not its intention." 484 U.S. at 106, 108 S.Ct. at 411.

Judge Harold Greene relied, in part, on this language to conclude that 12 U.S.C. § 1818(n) does not authorize nationwide service of process in *Resolution Trust Corp. v. McDougal,* 158 F.R.D. 1 (D.D.C.1994), *appeal dismissed,* 1995 WL 118006 (D.C.Cir. Feb. 21, 1995). First, he distinguished cases finding nationwide service of process under the Federal Trade Commission Act, *Federal Trade Commission v. Browning,* 435 F.2d 96 (D.C.Cir.1970), the Federal Election Commission Act, *Federal Election Commission v. Committee to Elect Lyndon La Rouche,* 613 F.2d 849 (D.C.Cir.1979), *cert. denied,* 444 U.S. 1074, 100 S.Ct. 1019, 62 L.Ed.2d 755 (1980), and the National Traffic Highway Safety Act, *United States v. Firestone Tire & Rubber Co.,* 455 F.Supp. 1072 (D.D.C.1978), because those statutes all laid venue only in one court. Absent a finding of personal jurisdiction by that court, therefore, there would

---

1. It is undisputed that Mr. LeChase does not have contacts with the District of Columbia sufficient to establish personal jurisdiction over him

pursuant to any other provision of law, and that he has not consented to the jurisdiction of this Court.

be no court in which the case could be brought. 158 F.R.D. at 3. Because § 1818(n) lays venue in more than one court, Judge Greene did not find this line of cases controlling. *Id.* at 3–4. As a result, he relied on the maxim enunciated in *Omni Capital International, Ltd.* and held that "[t]he omission from § 1818(n) of any language referring to process or personal jurisdiction appears to be indicative of Congress's intent not to authorize nationwide service of process." *Id.* at 4.

The only other written decision on this question also comes from this Court. In *Office of Thrift Supervision v. Dobbs,* 1990 WL 108965 (D.D.C. July 19, 1990), *appeal dismissed as moot,* 931 F.2d 956 (D.C.Cir. 1991), Judge Royce Lamberth held that 12 U.S.C. § 1818(n) "clearly gives this court nationwide jurisdiction for enforcement of OTS subpoenas.... Congress provided a special grant of jurisdiction, not just venue, to each of the courts specified in § 1818(n), so that each can enforce an OTS subpoena." 1990 WL 108965 at *2. In reaching this conclusion, the Court noted the similarities between § 1818(n) and the comparable provision of the Federal Trade Commission Act, codified at 15 U.S.C. § 49. *Id.; see Browning,* 435 F.2d at 96.

In the instant case, not surprisingly, RTC relies on *Dobbs.* It also seeks to bolster the analysis contained in *Dobbs* by pointing directly to the language of the statute. Specifically, RTC emphasizes that the statute authorizes it to "apply to the United States District Court for the District of Columbia ... for enforcement of *any* subpena or subpena duces tecum issued pursuant to this subsection, and [the United States District Court for the District Columbia] shall have *jurisdiction and power* to order and require

compliance therewith." 12 U.S.C. § 1818(n) (emphasis added). Thus, RTC argues, this Court can enforce "any" subpoena; the statute's grant of "jurisdiction and power" refers to subject matter jurisdiction and the power to serve subpoenas nationwide.

The arguments of both parties are compelling. On the one hand is the Supreme Court's admonition that Congress knows how to authorize nationwide service of process expressly, *Omni Capital International, Ltd.,* 484 U.S. at 106, 108 S.Ct. at 411, which, in the statute at issue, it has failed to do. On the other hand, courts are instructed to give meaning to every term in a statute, *see Connecticut Nat'l Bank v. Germain,* 503 U.S. 249, 252–54, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992), and it is difficult to conceive of a meaning for the term "power" in 12 U.S.C. § 1818(n) other than the power to serve subpoenas nationwide.

■ Nonetheless, it is not impossible to give independent meaning to the term "power" [2] in § 1818(n), and, in any event, "canons of construction are no more than rules of thumb". *Connecticut Nat'l Bank,* 503 U.S. at 252–54, 112 S.Ct. at 1149. This Court, therefore, will rely on the reasoning of *Omni Capital International, Ltd.* Congress did not expressly authorize nationwide service of process in 12 U.S.C. § 1818(n), and, in the absence of any legislative history to the contrary, this Court will not liberally interpret the term "power" to imply such a grant of authority. This is particularly appropriate where, as here, the statute in question restricts neither subject matter jurisdiction nor venue to only one court. RTC's reading of the statute is certainly not implausible [3], but it must fail.

---

2. *See Agnew v. Board of Governors of Federal Reserve Sys.,* 153 F.2d 785, 788 (D.C.Cir.) ("A more difficult question is the scope of the power of the court having jurisdiction"), *rev'd on other grounds,* 329 U.S. 441, 67 S.Ct. 411, 91 L.Ed. 408 (1947).

3. In some ways, RTC's reading is more sensible. For example, 12 U.S.C. § 1818(n) unquestionably places venue in this Court. RTC's reading is somewhat more practical because it also confers personal jurisdiction in this Court, thus lending some real significance to the venue provision. If

the statute merely establishes venue and requires some alternate means to acquire personal jurisdiction, the language of the statute that lays venue in this Court is largely (but not entirely) superfluous because it does not expand the body of cases that can be brought in this Court in any significant way. The only additional cases that the venue provision permits this Court to hear are those in which the respondent happens to have some unrelated contacts in the District of Columbia. Nonetheless, the fact that an interpretation of a statute leads to a curious result

### III. *Conclusion*

For the reasons expressed above, it is hereby

ORDERED that respondent's motion to dismiss for lack of personal jurisdiction is granted. This petition is dismissed. The RTC is, of course, free to bring this action in any court that has personal jurisdiction over Mr. LeChase.

IT IS SO ORDERED.

does not, in itself, render that interpretation in-     accurate.