**4**

Daniel F. Ross, F.D.I.C., Washington, DC, for plaintiff.

Alan H. Segal, Law Office of Alan H. Segal, Braintree, MA, for defendant.

## MEMORANDUM AND ORDER

HARRINGTON, District Judge.

This matter is before the Court on the Federal Deposit Insurance Corporation's (FDIC) Petition for Summary Enforcement of a subpoena duces tecum. In addition to filing an Opposition to the Petition for Summary Enforcement, the respondent filed a Motion to Dismiss for Lack of Personal Jurisdiction. After oral argument, the Court grants the Respondent's Motion to Dismiss.[1]

**FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Olympic International Bank & Trust Company, Petitioner**

v.

**Robert S. ABRAMS, Respondent.**

**Civ. A. No. 95–11293–EFH.**

United States District Court,
D. Massachusetts.

July 27, 1995.

In September, 1994, the FDIC, pursuant to an Order of Investigation, issued a subpoena duces tecum to Robert F. Abrams, a resident of Florida, to deliver documents to the FDIC in Washington, D.C. Mr. Abrams failed to deliver the requested documents and the FDIC filed the instant petition with this Court in June of this year. The FDIC

---

3. Bissonnette's counterclaim is voluntarily dismissed.

1. Since this Court is granting the Respondent's Motion to Dismiss, it will not consider the Respondent's Opposition to the FDIC's Petition for Summary Enforcement.

argues that this Court has jurisdiction to grant the Petition pursuant to the Federal Deposit Insurance Act, 12 U.S.C. §§ 1818(n) and 1821(d)(2)(I)(i).[2] While the Court would agree that it has subject matter jurisdiction to entertain the Petition, it cannot conclude, from a reading of the applicable statutes, that it has personal jurisdiction over the respondent, for the statute is silent in that respect.

After a thorough review of the relevant statutes and case law, it appears that the question of whether this Court has the power to assert personal jurisdiction over respondents like Robert Abrams in enforcement proceedings brought by the FDIC pursuant to 12 U.S.C. § 1818(n) has been dealt with on three occasions by the District Court for the District of Columbia. In *Office of Thrift Supervision v. Dobbs*, 1990 WL 108965 (D.D.C.1990), the Court was presented with the same statute and concluded, without explanation, that "the above-cited statute clearly gives th[e] court nationwide jurisdiction for enforcement of OTS subpoenas." *Id.* at *1. The *Dobbs* court drew an analogy to the jurisdiction exercised by the Federal Trade Commission as explained in the case of *F.T.C. v. Browning*, 435 F.2d 96 (D.C.Cir. 1970). The more recent decisions from the District of Columbia District, however, specifically decline to follow the *Dobbs* court's reasoning. In *Resolution Trust Corporation v. McDougal*, 158 F.R.D. 1 (D.D.C.1994), the court found that the *Dobbs* court's reliance on the *Browning* case was misplaced, since the statute involved in that case granted venue in only one court, while the statute at

issue in *Dobbs* provided for venue in at least three courts. *McDougal*, 158 F.R.D. at 3. The *McDougal* court opined that the limited venue was key to the *Browning* court's decision to imply jurisdiction. *Id.* The *McDougal* court declined to imply a grant of personal jurisdiction, concluding that "Congress knows how to authorize nationwide service of process when it wants to provide for it. That Congress failed to do so here argues forcefully that such an authorization was not its intention." *Id.* at 4 (quoting *Omni Capital International v. Rudolf Wolff & Co.*, 484 U.S. 97, 106, 108 S.Ct. 404, 411, 98 L.Ed.2d 415 (1987)). In *Resolution Trust Company v. LeChase*, 886 F.Supp. 108 (D.D.C.1995), the District of Columbia court chose to follow the *McDougal* court in holding that the statute does not confer personal jurisdiction, although it did concede that the RTC's position was not implausible. *Id.* at 110.

So too this Court concludes that although the position advanced by the FDIC is not implausible, it must follow the reasoned opinions of the *McDougal* and *LeChase* courts. In so doing, it is following the reasoning of the Supreme Court in *Omni Capital* where it plainly stated that Congress knows how to authorize nationwide service of process if that is its intent. *Omni Capital*, 484 U.S. at 106, 108 S.Ct. at 411. This Court is also persuaded by the distinction made by the *McDougal* court between the FTC statute relied on in the *Dobbs* case and the statute at issue in this case. Clearly this would be a different case if venue were only provided in one court.

**2.** The relevant portions of 12 U.S.C. § 1818(n) read as follows:

> In the course of ... any proceeding under this section, or in connection with any claim for insured deposits ... the agency conducting the ... investigation ... shall have the power ... to issue subpenas [sic] and subpenas [sic] duces tecum.... Any such agency ... may apply to the United States Court for the District of Columbia, or the United States district court for the judicial district ... in which such proceeding is being conducted ... or where the witness resides or carries on business, for enforcement of any subpena [sic] or subpena [sic] duces tecum issued pursuant to this subsection and such

> courts shall have jurisdiction and power to order and require compliance therewith.
> The pertinent parts of 12 U.S.C. § 1821(d)(2)(I)(i) provide:
>> (d) Powers and duties of Corporation as conservator or receiver (2) General Powers (I) Subpoena authority.
>> The Corporation may, ... for purposes of carrying out any power, authority, or duty with respect to an insured depository institution (including determining any claim against the institution and determining and realizing upon any asset of any person in the course of collecting money due the institution) exercise any power established under [12 U.S.C. § 1818(n)].

For the above stated reasons, the Respondent's Motion to Dismiss for Lack of Personal Jurisdiction is granted.

SO ORDERED.