**VENETIAN CASINO RESORT,**
**Plaintiff,**

v.

**EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION,**
**Defendant.**

No. 00–2980 (RJL).

United States District Court,
District of Columbia.

Jan. 12, 2004.

---

Kenneth McCulloch, Ballard Rosenberg Golpher & Savit LLP, New York City, Steven David Cundra, Hall, Estill, Hartwick, Gable, Golden, & Nelson, P.C., Washington, DC, for Plaintiff.

Edith M. Shine, U.S. Attorney's Office, Washington, DC, for Defendant.

### Memorandum Opinion

LEON, District Judge.

Before this Court is defendant's motion to dismiss. The plaintiff, Venetian Casino Resort ("Venetian Casino"), seeks to prevent the defendant Equal Employment Opportunity Commission ("EEOC") from releasing documents it has acquired from the plaintiff related to past and current EEOC investigations. For the reasons set forth below, the Court grants the defendant's motion to dismiss because the case is not ripe for judicial review.

### I. Background

In the Spring of 1999, the defendant Venetian Casino Resort ("Venetian Casino") conducted a "mass hiring process" to staff a new hotel, casino, and resort in Las Vegas, Nevada. Am. Compl. ¶ 4. At least eleven people filed employment discrimination complaints with the Equal Employment Opportunity Commission ("EEOC") against Venetian Casino, alleging discrimination based on age, race, and color in violation of the Age Discrimination in Employment ("ADEA"), 29 U.S.C. § 621, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Am. Compl. ¶¶ 7, 82.

As part of investigating the complaints, the EEOC requested from Venetian Casino information, including data about the employees. *Id.* ¶ 28. After Venetian Casino did not respond to the EEOC's information requests, the EEOC issued an administrative subpoena for the information. *Id.* Venetian Casino objected to the subpoena through the EEOC's administrative subpoena procedures as outlined in 29 C.F.R. § 1601.16. *Id.* ¶ 30. The EEOC denied those objections, *id.*, and Venetian Casino then brought this action for declaratory and injunctive relief. The EEOC also filed an action to enforce the subpoena in the United States District Court in Nevada, and that court has since stayed the subpoena enforcement pending this ruling. *See* Def.'s Mot. to Dismiss at 4 & n. 2.

In February 2002, the Venetian Casino settled all claims related to race, color, and national origin, and, accordingly, the parties stipulated to the dismissal of the first five causes of action. *See* Def.'s Mot. to Dismiss at 2–3; Stipulation of Dismissal, February 5, 2002; Order of March 12, 2002. Thus the EEOC is now only investigating the age discrimination claims. In the complaint's remaining cause of action, the plaintiff seeks (1) a declaratory judgment that the EEOC's regulations are not in compliance with the Freedom of Information Act ("FOIA") or the Administrative Procedure Act ("APA"); (2) a restriction of the scope of the EEOC's administrative

subpoena because it is overly broad and an unlawful search and seizure in violation of the Fourth Amendment; (3) a protective order limiting the EEOC's disclosure of information Venetian Casino has already turned over to the agency; (4) an injunction preventing the EEOC from releasing documents protected by the Federal Copyright Act; and (5) an injunction barring EEOC from requiring Venetian Casino to compile data in a form other than that how it is currently maintained, to pay subpoena fees, and to inspect and copy materials in Venetian Casino's facilities. Am. Compl. at 19–44.

The defendant filed its initial motion to dismiss on February 15, 2001, and then filed a renewed motion to dismiss on April 8, 2002, after the first five causes of action were dismissed. The case was reassigned to this Court on April 8, 2002, and the renewed motion was fully briefed by May 9, 2002. The EEOC moves to dismiss the action because the case is not ripe, the Court does not have subject matter jurisdiction, the plaintiffs have failed to state a claim, and the claims are barred by the doctrine of sovereign immunity.

## II. Discussion

 The Court cannot grant a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "unless plaintiffs can prove no set of facts in support of their claim which would entitle them to relief." *Kowal v. MCI Commun. Corp.*, 16 F.3d 1271, 1276 (D.C.Cir.1994). While the Court must construe the complaint liberally in determining whether the Court has subject matter jurisdiction, *see Scandinavian Satellite Sys., AS v. Prime TV Ltd.*, 291 F.3d 839, 844 (D.C.Cir.2002) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)), it is still the plaintiff's burden to demonstrate jurisdiction, *Tremel v. Bierman & Geesing, L.L.C.*, 251 F.Supp.2d 40, 42 (D.D.C.2003). Finally, in resolving a motion to dismiss under Rule 12(b)(1), a court may consider materials outside the pleadings. *See EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 625 n. 3 (D.C.Cir.1997).

 The EEOC contends that the Court does not have jurisdiction over Venetian Casino's claims because they are not ripe for judicial review. *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967).[1] To be considered ripe for review, a case must be both fit for a judicial resolution and present a hardship to the parties. *Id.* at 149, 87 S.Ct. 1507; *Toilet Goods Ass'n v. Gardner*, 387 U.S. 158, 162–63, 87 S.Ct. 1520, 18 L.Ed.2d 697 (1967). Administrative actions, such as the type at issue here, can only be fit for review if the action is a "final agency action" under 5 U.S.C. § 704.[2] *See Abbott Laboratories*, 387 U.S. at 148, 87 S.Ct. 1507.

 The Court agrees that the defendant's issuance of administrative subpoenas requesting information from Venetian

---

**1.** As the Supreme Court stated in *Abbott Laboratories*, the "basic rationale" of the ripeness doctrine is

to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.

387 U.S. at 148.

**2.** 5 U.S.C. § 704 states, in part, "[F]inal agency action for which there is no other adequate remedy in a court are subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action."

Casino does not constitute a final agency action. In order to further its investigations, the EEOC has the power to issue administrative subpoenas, *see* 42 U.S.C. 2000e-9, but these subpoenas are not final agency actions because they are not enforceable. If the EEOC denies a subpoenaed party's objections, the EEOC still has no method for enforcing that subpoena. *See* 29 U.S.C. § 626(b) (explaining that the EEOC is limited to "effect[ing] voluntary compliance with the requirements of this Act through informal methods of conciliation, conference, and persuasion"). The subpoenaed party cannot be held in contempt or be forced to pay fines for not complying. Since the only way for the EEOC to enforce the subpoena is to seek an enforcement action in federal court, the plaintiff's claims are not fit for review. *See, e.g., Shea v. Office of Thrift Supervision,* 934 F.2d 41, 43–46 (3rd Cir. 1991) ("The subpoenaed party faces actual harm only after a successful enforcement action has been brought, and, as a result of such action, the subpoenaed party has been ordered to comply."); *In re Ramirez,* 905 F.2d 97, 100 (5th Cir.1990) ("Where an agency must resort to judicial enforcement

of its subpoenas, courts generally dismiss anticipatory actions filed by parties challenging such subpoenas as not being ripe for review because of the availability of an adequate remedy at law if, and when, the agency files an enforcement action."); *Woodmen of the World Life Insurance Society v. EEOC,* 2001 WL 1852248, *3 (D.Ne.2001) (finding that the EEOC's attempt to quash the EEOC's subpoena was not fit for review because the there was no enforcement proceeding).[3] For these reasons, counts seven through ten, which ask the Court to restrict the scope of the EEOC subpoenas, are not ripe for review.[4]

■ Regardless of this conclusion, the plaintiff separately contends in Count Six that the EEOC's procedures for keeping confidential information are inadequate. *See* Amend. Compl. 19–36. The plaintiff's concern is that information already in possession of the EEOC will be released in violation of the APA, FOIA, the Trade Secret Act, 18 U.S.C. § 1905, the Federal Copyright Act, 17 U.S.C. § 101, and Executive Order 12600.[5] According to the plaintiff, Section 83 of the EEOC's compliance manual opens up a "back door" that allows the EEOC to disclose confidential

---

3. Since the filing of this action, the EEOC did institute an enforcement action in a district court in Nevada, which has stayed that action pending the outcome of this case. However, in *Woodmen of the World Life Insurance,* the district court explained that the EEOC's filing of an enforcement action in another jurisdiction did not make the case fit for review in its court. *See* 2001 WL 1852248 at *3. This Court agrees because the agency, not the plaintiff, has the power to determine if and where an enforcement proceeding will go forward. *See Mobil Exploration & Producing U.S., Inc. v. Dep't of Interior,* 180 F.3d 1192, 1200 (10th Cir.1999).

4. On their face, Count Seven and Count Ten seek to reduce the scope of the subpoena. Count Eight seeks a protective order "as a condition of the disclosure of the information sought by EEOC in the subpoena," Amend.

Compl. at 39, and Count Nine seeks an injunction to prevent the EEOC from releasing certain information protected by the Federal Copyright Act. *Id.* at 39–41. Thus both of these claims also involve the scope of the subpoena because they seek to protect disclosure of information not yet obtained.

5. One of Venetian Casino's specific concerns is that the confidential information will be provided to labor organizations. According to the plaintiff, Venetian Casino is one of the largest employers in Las Vegas that operates without a union. It contends that "labor organizations and competitors ... can use such information[ ] to the detriment of [the plaintiff] ... for purposes totally unrelated to EEOC's enforcement of Title VII and the ADEA." Amend. Compl. ¶¶ 5–6; Amend. Compl. ¶¶ 74–75

information to various parties and to "shop[ ]" the case to prospective private attorneys. *See* Pl.'s Sur–Reply in Opp'n to Def.'s Mot. to Dismiss, at 2.[6] The plaintiff argues these claims involving the EEOC's procedures are indeed ripe because the plaintiff has already submitted some confidential documents to the EEOC which "even now [are] subject to illegal disclosure." *See* Pl.'s Memorandum in Opp'n to Def.'s Mot. to Dismiss the Compl. at 5; Decl. of Richard Rosenberg ¶¶ 5,6 (explaining that confidential and proprietary documents have already been submitted to the EEOC). The Court, however, disagrees.

■ The plaintiff's claims against the EEOC's disclosure procedures are also not ripe because the plaintiff has not yet faced "real hardship[s]" or "adverse effects of a strictly legal kind." *National Park Hospitality Ass'n,* 123 S.Ct. at 2031, 2032 (quoting *Ohio Forestry Ass'n v. Sierra Club,* 523 U.S. 726, 733, 118 S.Ct. 1665, 140 L.Ed.2d 921 (1998) (internal quotes omitted)). Importantly, the plaintiff has not alleged that the EEOC has ever released any confidential information relating to the current investigation. Mere speculation that the EEOC will disclose some of the limited information that the EEOC has already submitted is not enough to confer ripeness upon this case. In light of the fact that the plaintiff has admittedly withheld the bulk of the "extensive" documents and computer tapes requested by the EEOC, Decl. of Richard Rosenberg ¶¶ 5,6, it is difficult for the plaintiff to argue that real hardship will befall the plaintiff even if disclosures were to occur. Indeed, the plaintiff's refusal to comply with the EEOC's subpoena suggests that the withheld information is the confidential infor-

mation that, if disclosed, could be harmful to the plaintiff. And such information will not involuntarily be released without an enforcement action in front of a district court where the plaintiff will have ample opportunity to challenge the EEOC's disclosure procedures. Simply put, the most appropriate times to challenge the EEOC's disclosure procedures are either when the plaintiff can allege a specific incident of improper disclosure of confidential information already submitted, generating a sufficient set of facts to facilitate adjudication of the matter, or, alternatively, when the EEOC attempts to enforce the subpoena in district court. Neither of those junctures are upon us.

### III. Order

For the above-stated reasons, it is this 12th day of January, 2004, hereby

**ORDERED** that the defendant's motion to dismiss [# 24] is granted;

**SO ORDERED.**

---

6. Section 83.1 states that "[t]he general policy against disclosure from open files does not include disclosure to the parties or other per-

son, incident to the investigation (e.g. to witnesses and third parties when necessary to aid the investigation)."