# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued March 14, 2005          Decided May 27, 2005

No. 04-5098

VENETIAN CASINO RESORT, L.L.C.,
APPELLANT

v.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,
APPELLEE

———

Appeal from the United States District Court
(USDC) for the District of Columbia
(No. 00cv02980)

———

*Kenneth J. McCulloch* argued the cause for appellant. With him on the briefs were *Richard Rosenberg*, *John J. Manier*, and *Steven D. Cundra*.

*Alan Burch*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Kenneth L. Wainstein*, U.S. Attorney, and *Michael J. Ryan*, Assistant U.S. Attorney. *Edith M. Shine* and *R. Craig Lawrence*, Assistant U.S. Attorneys, entered appearances.

Before: EDWARDS, TATEL, and GARLAND, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* EDWARDS.

EDWARDS, *Circuit Judge*: Venetian Casino Resort, L.L.C. ("Venetian") appeals the District Court's dismissal of its complaint against the Equal Employment Opportunity Commission ("EEOC" or "Commission") on ripeness grounds. The gravamen of this case is Venetian's contention that EEOC follows an unlawful rule or practice ("disclosure policy") that permits the agency unilaterally to release privileged documents submitted to EEOC by a private party without first notifying the party. Venetian argues that a substantial probability exists that it will be harmed by this disclosure policy, because it has already provided EEOC with confidential and proprietary information in response to employment discrimination complaints filed against it, and because EEOC seeks additional trade secrets and/or confidential information from Venetian through an administrative subpoena issued in connection with EEOC's investigation of these complaints. We hold that, with respect to trade secrets and/or confidential documents presently possessed by EEOC relating to a pending age discrimination investigation, the case is clearly ripe for review.

The parties' litigation positions have obscured the issues in this case, so it is impossible to discern whether the alleged disclosure policy in fact exists. When they were before the District Court, the parties focused on an agency rule that is no longer in force and never informed the District Court that relevant portions of the Commission's rules on disclosure of information in "open" case files, contained in EEOC Compliance Manual ("Manual") Section 83, had been revised. The parties' arguments before this court regarding the contours of the agency's disclosure policies did not clarify matters. Moreover, during arguments before this court, EEOC appeared to take a different position on the disputed disclosure policy than the position advanced by agency counsel before the District Court. Because the record is deficient, the District Court's first task on remand will be to determine whether the purported disclosure policy actually exists.

If EEOC does have a disclosure policy that allows the agency to release documents that the submitting party has identified as containing trade secrets and/or confidential material, without first notifying the submitting party, then the District Court must determine in the first instance whether such a policy is lawful. The case will therefore be remanded for further consideration by the District Court.

## I. BACKGROUND

Venetian operates a hotel, casino, and resort in Las Vegas, Nevada. In 1999, Venetian conducted a "mass hiring process," during which it employed approximately 4,400 persons out of roughly 44,000 applicants. Am. Compl. and Pet. ¶ 4, *reprinted in* Joint Appendix ("J.A.") 6, 8. In the wake of this hiring process, several applicants filed employment discrimination complaints with EEOC against Venetian, alleging discrimination based on age, race, and color in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 *et seq.* (2000), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (2000). The Title VII claims have since settled, leaving only the age discrimination claims under the ADEA. *See* Stipulation of Dismissal of Part of Pl.'s Am. Compl.

In response to the age discrimination charges, Venetian provided EEOC with relevant information that it deems confidential and proprietary. *See* Decl. of Richard Rosenberg in Supp. of the Resp. by Pl.-Pet'r to the Mot. by Def.-Resp't To Dismiss the Compl. ("Rosenberg Decl.") ¶ 5, *reprinted in* J.A. 71, 75. EEOC subsequently issued an administrative subpoena for additional documents. Venetian petitioned to revoke or modify the subpoena, citing confidentiality concerns. When EEOC denied the petition, Venetian brought this action seeking declaratory and injunctive relief.

Venetian's principal contention is that EEOC follows a policy that authorizes the agency to disclose trade secrets and/or confidential information to "charging parties" in actions before EEOC without first notifying the party who submitted the information, and that this policy is inconsistent with the Trade Secrets Act, 18 U.S.C. § 1905 (2000), the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 553, 701-706 (2000), and the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2000).

According to Venetian, this disclosure policy constitutes an end run around the Commission's regulations implementing FOIA that provide that "confidential commercial information" "provided to the Commission shall not be disclosed except in accordance with [the] section" that requires "explicit notice of a FOIA request for confidential commercial records" under certain circumstances and, where such notice is provided, opportunity for the party that submitted the documents to object to their disclosure. 29 C.F.R. § 1610.19(a)-(b), (d) (2003). The exemptions from the Commission's FOIA regulations indicate that "[s]pecial disclosure rules apply to the case files for charging parties, aggrieved persons on whose behalf a charge has been filed, and entities against whom charges have been filed." 29 C.F.R. § 1610.17(d) (2003).

Both Venetian and EEOC agree that the special disclosure rules for information in "open" case files are contained in EEOC Compliance Manual Section 83, though their arguments before the trial court were framed around an outdated version of the Manual. Venetian's argument turned in part on provisions in the former Manual that expressly provided that an ADEA charging party and his or her attorney could review the charging party's file so long as certain information, which did *not* include confidential commercial information as defined under the FOIA regulations, was removed from the file. *See* EEOC Compl. Man. § 83.1(a) (BNA 1993), EEOC Compl. Man. § 83.6 (BNA 1988),

*reprinted in* J.A. 104-07. EEOC failed to recognize and, consequently, to alert the District Court that the Manual on which Venetian relied was outdated. As a result, both parties and the District Court focused on a disclosure rule that no longer exists.

The relevant provision in the current Manual does not contain the explicit language authorizing disclosure to charging parties and their attorneys. *See* EEOC Compl. Man. § 83.1(a)(1) (BNA 2001). Neither party has presented a coherent explanation of the current disclosure regime and, specifically, the revised Section 83.1(a), but the provision appears to limit disclosure of information contained in ADEA open files to disclosures that are authorized in the Commission's FOIA regulations and the Privacy Act System of Records for ADEA case files. *See id.* § 83.1(a). The Privacy Act System of Records that relates to ADEA case files, permits, as one of six "routine uses," disclosure of "pertinent information to a . . . third party as may be appropriate or necessary to perform the Commission's functions under the [ADEA]." EEOC Privacy Act of 1974, Publication of Systems of Records, 56 Fed. Reg. 10,889, 10,889-90 (Mar. 14, 1991) (EEOC-1 Age and Equal Pay Act Discrimination Case Files, routine use (a)). Such routine use is distinct from the routine use of "closed" ADEA case files, or files for which "the Commission has terminated its investigation and has decided not to sue," where the permissible disclosure to employers, employees, or their representatives is limited to "non-confidential and non-privileged information." *Id.* (EEOC-1 Age and Equal Pay Act Discrimination Case Files, routine use (c)).

Counsel for EEOC unequivocally conceded before the District Court that, under the Commission's *current* disclosure regime, special rules that do not require notice would apply to Venetian's documents with respect to their disclosure in furtherance of the pending age discrimination investigation:

THE COURT: [O]bviously opposing counsel has grave concerns that the agency's staff at this point in time could reveal certain documents they have already produced . . . . They could reveal them under existing regulations of the agency in furtherance of the investigation . . . under which they would be shown to third parties, whether they be prospective counsel, to represent claimants, or prospective witnesses . . . .

. . . [D]o you read the regulations *as they currently exist* permitting agency staff in furtherance of the investigation to share with these types of individuals or entities documents that have been produced by a party such as the Venetian, even though they have been marked confidential and designated as confidential, if it is in furtherance of the investigation? Do you agree that that is permissible by agency staff?

[EEOC COUNSEL]: Yes, Your Honor, I do, and we noted that in one of our briefs. During our investigations, as part of the investigative technique, investigators may share limited information with parties, with a charging party or the respondent, or with witnesses, to elicit more information. . . .

I do want to argue, though, that it would seriously interfere with our law enforcement responsibilities of investigating and making findings if we had to stop and give respondent-employers notice every time we decided to provide a small amount of information.

Tr. of Mot. Hr'g (July 2, 2002) at 69-71, *reprinted in* J.A. 129, 133-35 (emphasis added).

On appeal, however, counsel for EEOC suggested that, where the releasing party has indicated that the documents are trade secrets and/or otherwise confidential, such information would *not* be released in the course of an investigation or in any

other context, without prior disclosure to the party that submitted the material. *See* Recording of Oral Argument at 23:38-25:19, 26:29-:49. When pressed on the issue, however, counsel expressed uncertainty regarding whether EEOC has *any* policy on the disclosure of trade secrets and/or confidential information in the course of an investigation and, if so, the precise contours of that policy. *See id.* at 27:54-30:04.

Venetian maintains that the Commission in fact continues its practice of disclosing confidential information to parties incident to an ongoing investigation, without notice to the submitting party. *See, e.g.*, Am. Compl. ¶ 67, J.A. 33-34 ("One of the [FOIA] exemptions from disclosure is 'trade secrets and commercial and confidential information.' . . . EEOC makes this category of information available to charging parties and their attorneys, without any reference to the protections accorded by the FOIA.") (citing 5 U.S.C. § 552(b)(4)); Rosenberg Decl. ¶ 8, J.A. 77 ("EEOC's own policies on the rights of persons who submit information to EEOC is to ignore FOIA and the Administrative Procedure Act when the document requester is either the charging party, their attorneys, or their prospective attorneys."). Venetian seeks a declaratory judgment that the alleged policy is contrary to law and an order enjoining EEOC from releasing any confidential information submitted by Venetian. *See id.* at 19 ("Sixth Cause of Action"), J.A. 24. Venetian also seeks an injunction restraining EEOC from requiring it to submit confidential information pursuant to the administrative subpoena, until the Commission establishes a lawful disclosure regime, and restricting the scope and content of the subpoena in other ways. *See id.* at 35-43, J.A. 40-48. Venetian is particularly concerned that "EEOC's refusal to maintain as confidential any data provided [by it] . . . will enable labor organizations and competitors to obtain data and information to which they have no right, and which they have not otherwise been able to obtain, so that they can use such information, to the detriment of [Venetian] and its employees,

for purposes totally unrelated to EEOC's enforcement of . . . the ADEA." Am. Compl. ¶ 6, J.A. 8-9.

EEOC moved to dismiss Venetian's Amended Complaint, arguing, *inter alia*, that the case was not ripe for review. Venetian opposed the motion and appended to its opposition a declaration by Richard Rosenberg, one of its attorneys. Rosenberg attested that Venetian has already submitted to EEOC a position statement regarding the pending age discrimination charges that "included confidential and proprietary documents, and described internal processes of the Venetian that are confidential and proprietary." Rosenberg Decl. ¶ 5, J.A. 75. EEOC filed responses, but refrained from disputing any of Venetian's allegations through declarations of its own; its avowed strategy was to avoid turning the motion to dismiss into a motion for summary judgment. *See* Def.'s Reply to Pl.'s Opp'n to Def.'s Mot. To Dismiss at 2 n.1, *reprinted in* J.A. 111, 112 ("Defendant does not attach a declaration regarding the status of the charges . . . . Defendant wishes to avoid any possibility that this [Motion To Dismiss] be converted into a Motion for Summary Judgment.").

The District Court granted EEOC's motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on ripeness grounds. Because issuance of an administrative subpoena, which the Commission lacks the power to enforce, does not constitute final agency action, the court held that Venetian's challenges to the scope and content of the subpoena were not ripe. *See Venetian Casino Resort v. EEOC*, Civ. A. No. 00-02980, slip op. at 5-6 (D.D.C. Jan. 12, 2004) ("Mem. Op."), *reprinted in* J.A. 137, 141-42.

The court also held that Venetian's claim "that information already in possession of the EEOC will [unlawfully] be released" was not ripe for review, because "[m]ere speculation that the EEOC will disclose some of the limited information that [Venetian] has already submitted is not enough to confer

ripeness." *Id.* at 6-7, J.A. 142-43. The court concluded that "plaintiff's refusal to comply with the EEOC's subpoena suggests that the withheld information is the confidential information that, if disclosed, could be harmful to the plaintiff" and that plaintiff's challenge would not ripen until "either when the plaintiff can allege a specific incident of improper disclosure of confidential information already submitted . . . [or] when the EEOC attempts to enforce the subpoena in district court." *Id.* at 8, J.A. 144.

## II. ANALYSIS

In ascertaining whether a suit is ripe, courts must balance the plaintiff's interest in prompt consideration of allegedly unlawful agency action against the agency's interest in crystallizing its policy before that policy is subjected to judicial review and the court's interests in avoiding unnecessary adjudication and in deciding issues in a concrete setting. *See Eagle-Picher Indus. v. EPA*, 759 F.2d 905, 915 (D.C. Cir. 1985). The framework for assessing ripeness was established in *Abbott Laboratories v. Gardner*, 387 U.S. 136 (1967), in which the Supreme Court provided a two-pronged test that requires a reviewing court to evaluate "both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Id.* at 149. Under the "fitness of the issues" prong, the first question for a reviewing court is "whether the disputed claims raise purely legal questions and would, therefore, be presumptively suitable for judicial review." *Better Gov't Ass'n v. Dep't of State*, 780 F.2d 86, 92 (D.C. Cir. 1986); *see also Payne Enters., Inc. v. United States*, 837 F.2d 486, 492 (D.C. Cir. 1988). Next, we consider whether the court or the agency would benefit from postponing review until the policy in question has sufficiently "crystallized" by taking on a more definite form. *See City of Houston v. Dep't of Hous. & Urban Dev.*, 24 F.3d 1421, 1430-31 (D.C. Cir. 1994). The "hardship" prong of the *Abbott Laboratories* test is not an

independent requirement divorced from the consideration of the institutional interests of the court and agency. *See Payne*, 837 F.2d at 493.

In determining whether the District Court properly granted EEOC's motion to dismiss on ripeness grounds, we "construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged." *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (internal quotation marks omitted). In this case, Venetian has alleged that EEOC follows a disclosure policy that authorizes the agency to release information that has been provided to the Commission by Venetian, which has been designated as confidential and proprietary by Venetian, to persons such as charging parties or third persons incident to the ongoing age discrimination investigation, without notice to Venetian. On the facts alleged, the question whether the purported disclosure policy is lawful is plainly ripe for review.

The case is fit for review because it presents a clear-cut legal question, *i.e.*, whether the Commission's disclosure policy is inconsistent with the Trade Secrets Act, FOIA, or the APA. Resolution of this question turns on an analysis of the pertinent statutes and their construction by relevant case law. *See Better Gov't Ass'n*, 780 F.2d at 92. There is nothing to be gained by deferring such considerations. The agency's applicable Manual and the Privacy Act System of Records that it incorporates are in their final form and they were last revised years ago. *See id.* at 93.

EEOC contends, however, that the case in not fit for review because the agency's position has yet to "'crystallize[ ]' through implementation in a concrete factual setting." *Nuclear Energy Inst. v. EPA*, 373 F.3d 1251, 1313 (D.C. Cir. 2004) (per curiam). According to EEOC, it is "incumbent on the Venetian to show how the agency has used or imminently will use the policy and so illuminate the consequences of the alleged dispute and

'crystallize' the legal issues." Appellee's Br. 24. The argument is without merit. Venetian has illuminated the consequences of the dispute by alleging that long-standing agency policy authorizes EEOC to disclose documents that Venetian has designated as confidential and proprietary to charging parties and their representatives absent prior notice to Venetian. And trial counsel for EEOC confirmed the agency's position in the concrete factual setting of this case. Before the District Court, EEOC counsel acknowledged that the agency may, incident to an investigation, disclose documents designated as confidential without providing notice to the party that submitted those documents. *See* Tr. of Mot. Hr'g (July 2, 2002) at 69-71, J.A. 133-35. The only factual development left is disclosure of Venetian's confidential materials *without notice* to Venetian, which, of course, is precisely what Venetian is seeking to avoid.

This case is distinct from *Nuclear Energy Institute*, relied upon by EEOC. In *Nuclear Energy Institute*, appellant challenged an existing Final Environmental Impact Statement ("FEIS") which had been used to support recommendations of a particular nuclear waste repository insofar as that same FEIS might be adopted in the future to support a different agency action, such as the selection of an alternative for transporting waste to the site. *Nuclear Energy Inst.*, 373 F.3d at 1312-13. Because the Nuclear Regulatory Commission indicated that it might supplement the FEIS or require such supplementation prior to its use in other contexts, we concluded that "the relevant agency positions have not yet 'crystallized.'" *Id*. at 1313. Here, in contrast, EEOC has said nothing to suggest that a procedural or substantive evolution of its disclosure policy is pending or expected. *See Better Gov't Ass'n*, 780 F.2d at 93 (finding interpretation of administrative guidelines fit for review where agencies had said nothing to suggest that "further procedural or substantive evolution is expected").

Our recent decision in *Electric Power Supply Ass'n v. FERC*, 391 F.3d 1255 (D.C. Cir. 2004), is precisely on point. In *Electric Power*, a trade association representing participants in the power industry claimed that Federal Energy Regulatory Commission orders permitting certain *ex parte* communications violated the Sunshine Act. *Id.* at 1257. We found the case ripe for review, because it presented a "straightforward legal question" – whether the agency rule was unlawful. *Id.* at 1262-63. Whether such *ex parte* communications had already taken place was immaterial to our analysis.

The hardship prong of the ripeness doctrine "is largely irrelevant in cases, such as this one, in which neither the agency nor the court have a significant interest in postponing review." *Elec. Power*, 391 F.3d at 1263. Regardless, it is clear that disclosure, without notice, of documents that Venetian has designated confidential and proprietary constitutes "a hardship sufficient to outweigh any possible institutional interest in deferring review." *Id*. The disclosure policy bears directly on whether Venetian will be notified prior to the release of materials that it considers confidential and proprietary and, consequently, whether Venetian will know to object to any such impending disclosure before the agency acts to release privileged material. In other words, Venetian alleges that the disclosure policy denies purported statutory entitlements, *i.e.*, notice and the opportunity to object prior to disclosure of its trade secrets and/or confidential information. *See Better Gov't Ass'n*, 780 F.2d at 94-95.

Moreover, as *Electric Power* underscored, given that the alleged disclosure policy deprives Venetian of notice that a privileged document may be disclosed, it makes no sense to defer judicial review until *after* EEOC has disclosed a document containing a trade secret or other confidential information. "The mere statement of the suggestion exposes its absurdity." *Elec. Power*, 391 F.3d at 1264.

EEOC disputes Venetian's demonstrated hardship by reading the operative complaint to plead that the Commission has not yet obtained any sensitive documents from Venetian. EEOC submits that allegations contained in the Rosenberg declaration "change the factual underpinnings of the case" and cannot be considered. *See* Appellee's Br. 27-28. We disagree. Although the amended complaint largely addresses confidentiality concerns pertaining to the information that EEOC currently seeks, it also appears to embrace the contention that Venetian has provided the Commission with confidential and proprietary information that pertains to EEOC's investigation of the age discrimination charges. *See* Am. Compl. at 19, J.A. 24 (seeking "[o]rder enjoining the EEOC from releasing any confidential information submitted by the Venetian"); *id.* at 35, J.A. 40 (seeking order enjoining EEOC from releasing "any of the documents and information furnished by the Venetian" absent a FOIA request). In any event, the undisputed Rosenberg declaration fortifies this reading. *See* Rosenberg Decl. ¶ 5, J.A. 75 ("The position statements [submitted to EEOC] included confidential and proprietary documents, and described internal processes of the Venetian that are confidential and proprietary."). And given the present posture of this case – a dismissal under Rule 12(b)(1) on ripeness grounds – the court may consider materials outside the pleadings. *See EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 n.3 (D.C. Cir. 1997).

Alternatively, EEOC insists that, even in light of the Rosenberg declaration, "the District Court was correct to disbelieve the Venetian's assertions and conclude instead . . . that [Venetian], in fact, refused to turn over the sensitive materials and so still retains them." Appellee's Br. 28. There is no good reason to view Venetian's *undisputed* assertions that it has provided the Commission with confidential and proprietary information as fanciful. Therefore, these factual allegations cannot be simply "disbelieved" by the District Court. *See*

*Sturm, Ruger & Co. v. Chao*, 300 F.3d 867, 871 (D.C. Cir. 2002); *Barr*, 370 F.3d at 1199.

Nor does standing present an independent jurisdictional barrier. As EEOC itself recognizes, we need not analyze standing separately because "it is clear that [any challenge to Venetian's standing] is not an independent issue from ripeness." Appellee's Br. 33. Venetian has standing, because it has demonstrated that there is a substantial probability that the alleged disclosure policy will harm its concrete and particularized interest in retaining the confidentiality of protected information. *See Elec. Power*, 391 F.3d at 1261-62; *Better Gov't Ass'n*, 780 F.2d at 96 n.53.

In short, the question whether EEOC's disclosure policy is lawful presents a live and focused dispute emanating from agency action that is both final and consequential to Venetian. The question is clearly ripe for review. Because we conclude that the question is ripe with respect to documents already in EEOC's hands, we need not consider whether it would be ripe with respect to information that EEOC seeks but has not yet obtained from Venetian. Finally, the District Court was clearly correct to dismiss Venetian's remaining claims challenging the scope or content of the administrative subpoena. *See FTC v. Invention Submission Corp.*, 965 F.2d 1086, 1089 (D.C. Cir. 1992) ("The agency, in issuing a subpoena, has undertaken no final administrative action; a subpoena becomes an appealable final order only after the subpoenaed party refuses to comply and the agency requests and receives judicial enforcement.").

\* \* \* \* \*

As, noted above, the record of this case is deficient, in part because the argument before the District Court was based on an outdated version of the agency's Manual and in part because the Commission's litigation position has been inconsistent. Before the District Court, counsel for the Commission unequivocally

acknowledged that EEOC investigators could – as they saw fit – disclose documents designated as confidential to a third party in the course of an ADEA investigation, without notice to the party that submitted that information. *See* Tr. of Mot. Hr'g (July 2, 2002) at 69-71, J.A. 133-35. This is precisely the practice that Venetian contests. At the appellate argument, however, counsel for EEOC appeared to suggest the contrary, *i.e.*, that, where the releasing party has indicated that documents are confidential and proprietary, such information would *not* be released in the course of an investigation, or in any other context, absent prior notice to the party that submitted the materials. *See* Recording of Oral Argument at 23:38-25:19, 26:29-:49. The problem, of course, is that when EEOC's counsel was pressed on the issue, he expressed uncertainty as to his client's position. *See id.* at 27:54-30:04. It also remains unclear what the disputed provision in the revised Manual means. *See* EEOC Compl. Man. § 83.1(a)(1) (BNA 2001). That the Commission has failed to advance a consistent litigation position obviously cannot render a longstanding rule, policy, or practice by which it determines whether to disclose confidential documents in its possession unfit for review. On remand, the District Court's first task will be to ascertain the contours of the precise policy at issue. If Venetian's allegations turn out to be correct, the District Court must determine in the first instance whether the policy is contrary to law.

### III. CONCLUSION

We hereby remand the case to the District Court for further proceedings consistent with this opinion.

*So ordered.*